## PHILO FOWLER v. ORRIN F. GILBERT.

*Slander.*

Assignments of error ought not to be needlessly multiplied, and the rulings on which they are based ought to be specifically pointed out.

It is not necessarily error that a charge is made to cover a whole declaration without discriminating between its averments.

A declaration in slander should be demurred to if the averments of the declaration are not formal enough; and if the language, set forth plainly, shows an intention to slander in the way complained of, it will be held sufficient if not demurred to.

It is as much a slander to charge an uninsured man with burning his property to defraud insurers, as if he were insured; and therefore, in suing for such a slander, an averment and proof of actual insurance is not necessary.

Evidence of the repetition of a slander is admissible in aggravation of damages; so is any evidence of actual malice.

In an action for slander, evidence is admissible of charges of the same slanderous nature as those relied on and made to the plaintiff himself whether alone or in the presence of others.

In an action of slander it is admissible in proof of malice to show that the defendant had admitted that the charge complained of would not have been started if plaintiff had dealt with him differently.

Suit was brought for slander upon a charge that plaintiff had burned his property to defraud insurers.  *Held* that proof of alleged frauds by him against third persons concerning agreements regarding insurance, was inadmissible.

The meaning of a slanderous term must be solved by the intent of the person using it, and he must be supposed to mean what he says unless he explains it.  If it was not explained, evidence of its meaning is properly excluded.

A slander is admitted to be false if there is no plea of justification, and evidence of its truth is inadmissible.  But where such proof was inadvertently admitted, it was *held* proper to let it be answered.

A defendant cannot be harmed by the improper introduction of evidence that does not go beyond his own admissions.

The opinions of police officers or detectives, as such, as to the cause of a fire, are wholly inadmissible to show probable cause of guilt, or to furnish grounds of action.

Public rumors against the plaintiff in an action for slander can have no effect beyond mitigating damages.

The submission of a charge must be assumed to be warranted, even if there is no evidence in the record to support it, where the evidence is not all given.

A charge of burning one's property to defraud insurers is actionable *per se* as a slander.

Error to Washtenaw.  Submitted January 18.  Decided January 29.

TRESPASS ON THE CASE.   Defendant brings error.

*Joslin & Whitman* for plaintiff in error.

*S. E. Engle* for defendant in error.

CAMPBELL, C. J.  Gilbert sued Fowler for slander, and recovered a verdict of $600.  The declaration contained several counts.  These charged Fowler with accusing Gilbert in various forms of words, of having burned his property to defraud insurers.  One count charged the accusation that he was a "damned thief."  In one of the counts in connection with the charge concerning the fraud on insurers there was an accusation of "swindling" set forth.  As the court charged that this as a distinct

and separate charge was not ground of action, it becomes immaterial.

Some assignments of error which were directed against the exclusion of evidence to show acts asserted to have been dishonest and swindling, may in this connection be disposed of as entirely outside of the issue, and without any force on that account.

We are compelled to refer (as we have found ourselves in several other cases required to do so) to the needless multiplication of assignments of error, several of which are of no importance. In this case there are sixty-eight assignments, and this number is, under the record as presented, much beyond reason. Whatever may be the necessity of saving points in the hurry of a trial, there can be no such necessity after the interval of reflection occupied in preparing exceptions and maturing the cause for argument. No assignments should be fairly made unless counsel has at least some plausible ground for insisting on them.

It is also to be regretted that in such a multitude of assignments no means have been taken either on the record or in the brief by proper references. to enable the court to find the rulings complained of except by rummaging in each instance through the whole record, which we have been forced to do at a needless expense of time. We are not disposed to censure the counsel in this case for not doing what other counsel have too often failed to do. But we wish to have it understood that the practice is one which ought to be mended.

Several complaints are made concerning the sweeping character of some of the charges, as covering the entire declaration, and not discriminating between the counts and separate averments, but informing the jury that all the charges except swindling were actionable. We do not think there was any error in this, if such was the real state of the pleadings. No demurrer was interposed, and the case was proved substantially as alleged. We need not consider whether there was any technical defect

in setting out colloquies and innuendoes, for the language used would to any ordinary mind indicate an intention to slander the plaintiff below in the way complained of, and if any more formal averments were needed, the counts should have been demurred to.

It was also urged under certain assignments of error that there should have been an averment and proof that plaintiff had an actual insurance, inasmuch as he could not defraud insurers when not really insured. But it certainly cannot mitigate a slander that it contains two falsehoods instead of one. If a man is not insured, it is as much a slander to charge him with burning his property to defraud insurers as if he were. The charge involves the fact of insurance as well as the fraudulent burning.

Many of the questions in this cause were disposed of in *Leonard v. Pope*, 27 Mich., 145, and need no further discussion. The repetition of the same charges was there held admissible in aggravation. And it has never been doubted that any evidence of actual malice is receivable for the same purpose. Charges made to plaintiff himself of the same slanderous nature are admissible, whether made to him alone or in presence of others. This is a doctrine which needs no citation of authorities. And an admission by defendant that a story would not have been started, if plaintiff had dealt with him differently, was not only admissible, but very significant proof of malice.

The court below rightly excluded proof of alleged frauds of plaintiff against third persons concerning agreements regarding insurance. They had no bearing on the issue, and he could not be prepared to meet any such irrelevant facts. Plaintiff in error now claims this proof might have shown that in calling Gilbert a thief he meant to use that term in a milder sense. But there was no attempt to show any such application in the language or context, nor any explanation by Fowler himself. The question what the term means must be solved by

the intent of the person uttering the slander, and he must be supposed to mean what he says unless explained.

Neither was it improper to exclude evidence of the statements of a witness to her husband, in corroboration of her testimony charging plaintiff with having burned his own property. There was no plea of justification, and the slander was therefore admitted to be false. Her testimony itself was, when received, improper testimony, and if there was any error it was in receiving it at all. We do not see how the method of corroboration was proper. But if proper, its exclusion cannot be complained of.

It was certainly proper for the court when it had inadvertently admitted evidence of the truth of the slander to allow it to be answered; but no proof could do any harm to defendant which did not go beyond his admissions; and no question being raised on the charge which could affect any matter of damages in this connection, there are no assigned errors which need discussion upon this subject.

The court below also properly rejected the offer to prove by one Alfred Miller, a deputy sheriff, what opinion he as a public officer entertained concerning the occasion of the fire. If the opinions of officers and detectives are to be received as probable cause of guilt, or as furnishing any ground for action, we fear there would be no great security for character or liberty. The proposition is preposterous.

It was also proper to confine the effect of public rumors against the plaintiff on the subject of the slander to mitigation of damages. They certainly could have no tendency to prove its truth even if it had been justified.

The court, in regard to special damages for words not in themselves actionable, directed the jury there could be no recovery if plaintiff had failed to prove them. There is nothing in the record showing there was no such proof, and the charge on the question was in response to a request by defendant, asserting that plaintiff had

failed to prove them. It must be assumed there was testimony warranting the submission.

There is also a criticism that in giving a charge the court left out a clause inserted in defendant's request, requiring the jury to find the words spoken in the *manner and sense* charged. We do not discover in the charge given any thing which would lead the jury astray. It is sufficiently guarded to prevent any mistake, even if the slander was not actionable in itself, which it clearly was; and it does not appear that any attempt was made to show the words were used in any but their usual sense.

Neither have we found in the record anything to indicate that the slanders could have been in any way privileged. We are somewhat at a loss to discover what the court referred to by such a suggestion. But there was nothing said which could injure plaintiff in error.

After a careful search we have found no assignments not manifestly groundless which are not covered by what we have already discussed. We find no error, and the judgment must be affirmed with costs.

The other Justices concurred.