### MARY E. COOK v. SARAH JOHNSTON.

*Conflagrations—Negligence—Expert evidence—Voluntary risks.*

1. In an action for negligent injury caused by a fire the fire marshal's opinion as to its cause is inadmissible; it is not a question for expert testimony. Nor can he testify to what he heard said next day at the scene of the fire; such things are not res gestæ.

2. Putting ashes into a wooden barrel in violation of a municipal ordinance is not negligence per se; it is a question of fact whether it is negligent in a particular case.

3. Municipal ordinances are general and impose duties which in particular cases may not be important; their purpose is public and their violation is to be redressed by legal penalties.

4. One who voluntarily exposes himself to evident risks caused by another's negligence cannot recover against the latter for bodily injuries resulting from such exposure even though the exposure was for the purpose of saving property or the life of an animal.

Error to Wayne. (Jennison, J.) Nov. 4. Nov. 11.

CASE. Defendant brings error. Reversed.

*E. T. Wood* and *Willis G. Clarke* for appellant. Conduct in violation of a municipal ordinance is not negligence per se: *Knupfle v. Knickerbocker Ice Co.* 84 N. Y. 488;

*Baker v. Pendergast* 32 Ohio Stat. 494; *Kirby v. Boylston Market Ass'n* 14 Gray 252; *Heeney v. Sprague* 11 R. I. 456; an ordinance cannot create a nuisance: *C. R. I. & P. R. R. Co. v. Joliet* 79 Ill. 25; *Yates v. Milwaukee* 10 Wal. 505; and its violation incurs simply the penalty: *Brown v. Buffalo & State Line R. R. Co.* 22 N. Y. 191; the question whether it is perilous to put ashes into a barrel is not for experts: *Fowler v. Gilbert* 38 Mich. 296; *Higgins v. Dewey* 107 Mass. 494; *Luce v. Dorchester Ins. Co.* 105 Mass. 297; as to proximate cause of injury: *Sharp v. Powell* L. R. 7 C. P. 253; *Scheffer v. Railroad Co.* 105 U. S. 249.

*Sylvester Larned* for appellee.

CAMPBELL, J. Plaintiff recovered damages in the sum of $3000 for personal injuries claimed to have been caused by defendant's negligence whereby it is alleged a fire was set in a shed occupied by plaintiff. The facts as relied upon were that plaintiff's husband was a tenant of defendant, occupying a wing of her house at the corner of Sixteenth and Canfield streets in Detroit. Behind the house was a low shed divided into three parts by internal partitions from five to six feet high, of which defendant occupied the middle one, and plaintiff's husband the adjoining one at the north end. In the middle partition was a water-closet used by defendant and her tenants jointly. In this middle part, on the side furthest from Mr. Cook's, was an ash-barrel, which Mr. Cook described as a stout, iron-bound cask, such as is used for liquids. Plaintiff claims that the fire was caused by ashes in this barrel. She and her husband, as they testify, were awakened by the light of the fire burning through the top of this middle part, and as soon as they could they went into their own part and she undertook to get out their horse, that was lying down so that she could not easily loose the halter. While trying to do this the fire swept over the partition and burned her very severely, so as to nearly or quite disable her from doing her accustomed work.

Several questions arose on the trial, on which rulings were made which were complained of. We shall only notice those which seem to be of most importance.

Among other witnesses sworn was Mr. Baxter, the city fire marshal, who was allowed to testify not only to what he saw on the ground the next day, but also what opinion he had of the origin of the fire, and what he heard from various persons who were there.

This was improperly allowed. That officer's duties are important and he may properly enough make such inquiries as he deems necessary to aid his own judgment. But when the rights and liabilities of private persons are in question, he cannot affect them by his opinions or conclusions, however sagacious he may be. When he testifies, he is governed by the same rules as other witnesses, and cannot give either hearsay or opinions. What is said or done after a fire cannot be regarded as part of the res gestæ at the fire, and the sayings and doings of third parties could not usually be receivable. And as for the origin and cause of a fire, it cannot in such a case as this be any more difficult for the jury than for a witness to make deductions from the facts shown. There is no room for expert testimony, and his opinions were not receivable. This testimony was referred to in the charge of the judge, and is quite likely to have had much weight. There were several facts shown which were fairly claimed to have indicated the possibility, if not probability, of a different cause, and the jury should have been left to form their own conclusions, unaffected by any one's opinion. A similar question was decided by this Court in *Fowler v. Gilbert* 38 Mich. 296.

The court also charged the jury that a violation of the city ordinance requiring ashes to be kept in metallic or other incombustible vessels was negligence in law, for which defendant would be liable, and this was emphasized by the further statement that if this was not done she was not responsible in this case.

This doctrine is not maintainable as stated. The primary object of municipal ordinances is public and not private, and their violation is redressed by the legal penalties. *Taylor v. Lake Shore & M. S. R. R. Co.* 45 Mich. 74. City ordinances are necessarily made general, and impose duties which in a

given case may be of no special importance. It is quite possible that under certain circumstances, and in various surroundings, it is in no way dangerous to put ashes in wooden barrels, and it can never be dangerous to put cold ashes in them. It is certain that ash-barrels are and always have been more or less used. Whether the use of them is culpably negligent in a given case must usually be a question of fact to be determined by the jury on the facts, and not by the court.

The principal question in the case was upon the liability of defendant if the fire took from negligence for which she may have been chargeable for the damages on which recovery was had in this case.

The plaintiff showed by her testimony that she and her husband saw the ash-barrel daily and knew all about its position. It also appears by the showing of both that the shed, which was entirely open within from end to end, above the partitions, was burning so brightly as to wake them up, and continued burning when they entered to loose the horse and get out the buggy. The danger was before their eyes, and what happened by the sweeping down of the flames was as likely to happen as not. It is not very important by what name the action of plaintiff should be called. It was such a risk as she chose to take, to save her husband's property. But it was a plain and palpable risk nevertheless, and the injury would not have occurred unless for her voluntary act in assuming the exposure.

There is some conflict in the cases concerning what damages have been held not too remote for recovery. But it would be going beyond all reason to hold a person liable for bodily injuries suffered by another in voluntarily and deliberately entering a burning wooden shed not divided into detached parts, and reached by the flames while at work within it. The loss of presence of mind under such circumstances is one of the commonest and most likely incidents of incurring such an exposure. The act in which she was engaged may have been such as she may have thought proper and laudable, and worth some risk, but defendant's responsi-

bility cannot be created or increased by such independent and voluntary conduct of plaintiff in putting herself in harm's way.

We think that no recovery should have been had on the facts as shown by plaintiff herself, and that the case should not have gone to the jury.

The judgment must be reversed with costs and a new trial granted.

The other Justices concurred.