JOHN FLATER v. CONRAD FEY AND THE CITY OF DETROIT.

*Negligence—Dangerous premises—Evidence—City ordinance—Submission of case to jury.*

1. In a suit against a city and one of its citizens for injuries received by falling into a ditch dug by the latter in front of his premises to let the water off his lot while repairing his sidewalk, which repairs had been directed by the city, and which ditch was left open overnight without any warning, the plaintiff may introduce in evidence a city ordinance regulating such excavations, and providing for proper guards against accidents on account of the same, such evidence tending to show the degree of negligence on the part of the defendants in the case.

2. In a negligence case, when the evidence tends to show negligence on the part of the defendant and contributory negligence on the part of the plaintiff, the question cannot be taken from the jury.

Error to Wayne. (Gartner, J.) Argued June 8, 1888. Decided June 15, 1888.

Negligence case. Plaintiff brings error. Affirmed as to city, and reversed as to remaining defendant. The facts are stated in the opinion.

*Corliss, Andrus & Leete,* for appellant.

*James H. Pound (Ralph Phelps, Jr.,* of counsel), for defendant Fey.

*John W. McGrath,* for city.

SHERWOOD, C. J. The plaintiff seeks to recover damages of the defendants for personal injuries received by falling into a ditch dug by the defendant Fey across a sidewalk in front of his premises in the city of Detroit, and left in an unguarded and dangerous condition. No question is made upon the pleadings. The cause was tried in the Wayne cir-

cuit court, and the circuit judge directed a verdict for the defendants. The plaintiff brings error.

From the record it appears that about five days before the plaintiff received his injury the city gave the defendant Fey a written notice to repair his sidewalk in front of his lot. He took up the walk, and, for the purpose of carrying the water off from his lot, he dug the ditch in question, which was about 12 feet long and 18 inches deep, and left it during the night unprotected, and without any warning. The plaintiff was passing along in the evening over said walk, and was unable to discover the excavation until he fell into the ditch, and was injured. He was returning to his home at the time, and stepped off the walk upon the ground before he went into the ditch. The evening was very dark. These facts are substantially uncontradicted, and upon them the court held and charged the jury that the plaintiff was guilty of contributory negligence, and could not recover.

Two exceptions raise all the questions there are in the case. One is that the court erred in excluding the following section from the revised ordinances of the city of Detroit:

"No person shall dig or tear up any pavement, side or cross walk, or dig any hole, ditch, drain, or sewer in any street, alley, or other public space, without permission first obtained from the board of public works; and it shall be the duty of any man digging or tearing up any pavement, side or cross walk, or digging any hole, ditch, drain, or sewer in any street, alley, or other public space, as speedily as practicable to put the same in as good order and condition as before; and, in order to do this, such person shall pound down the earth so as to make it firm and solid, and, if the earth shall settle, such person shall fill the same from time to time as may be necessary; and any person digging in any street, alley, or other public space, or the contractor or owner or owners of property for whose benefit such digging may be done, for any of the purposes whatever, shall erect and maintain a good and sufficient fence, railing, or barrier around such excavation, in such a manner as to prevent accidents, and shall place and keep upon such railing, fence, or barrier suitable and sufficient colored lights during the night."

The second exception is to the ruling of the court directing the verdict of the jury for the defendants.

We think both of these exceptions are well taken. The introduction of the ordinance in evidence was not for the purpose of showing a breach of public duty in an action for its enforcement against the defendants, but as tending to show the degree of negligence on the part of the defendants in a common-law action brought by an individual to recover damages, as he alleges, by reason of such negligence, and where such negligent action had been the sole cause of the injury, and where the action was not based upon the ordinance, but upon the common-law right to compensation. In this respect the case differs from *Taylor v. Railroad Co.*, 45 Mich. 74 (7 N. W. Rep. 728), and *Cook v. Johnston*, 58 Id. 437 (25 N. W. Rep. 388).

In regard to the second exception there was no doubt but that the defendant Fey took up the walk and dug the ditch, and allowed it to remain overnight unprotected, and that plaintiff fell into the excavation, and was injured. When the defendant dug the ditch a common-law liability rested upon him towards all persons injured who should be passers over that walk. There was testimony in the case tending to show that he had incurred such liability to the plaintiff, and there was testimony tending to show contributory negligence on the part of the plaintiff, and when such is the case the question cannot be taken from the jury. This has been repeatedly held by this Court, and when there is any doubt upon the question of there being such negligence the case should go to the jury.

The cases cited by counsel in their briefs are entirely sufficient upon this subject. It is unnecessary to repeat the references here.

The questions raised in this case do not involve the liability or duty to make or repair sidewalks, but simply the liability of Fey in making a dangerous excavation in the

ground, in a public place, and leaving it unprotected, and without warning to travelers passing over it in a dark night, where one was seriously injured.

The judgment at the circuit must be reversed as to Fey, with costs, and affirmed as to the city.

CHAMPLIN, MORSE, and CAMPBELL, JJ., concurred.