TABINSKI v. A. HARVEY'S SONS MANUFACTURING CO.

1. MASTER AND SERVANT—INFANT—STATUTES—DUTY OF FACTORY INSPECTOR—CONCLUSIVENESS OF DETERMINATION.
    By the provisions of Act No. 285, Pub. Acts 1909, it was not intended by the legislature to constitute the factory inspector sole judge as to what employment is dangerous to the life and limb of a minor under eighteen years of age, hired and set at work prohibited by the act.

2. SAME—GEARING—WORDS AND PHRASES.
    Gearing, within the terms of such statute, includes cog wheels, whereby power is transmitted from one portion of a machine to another; exposed and unprotected gearing is within the meaning of the law requiring proper safeguards for all gearing and belting.[1]

3. SAME.
    Exposed gears were dangerous within the meaning of such act.

Error to Wayne; Hosmer, J. Submitted November 9, 1911. (Docket No. 76.) Decided February 10, 1912.

[1]What is comprehended in expression "machinery of every description," in statutes imposing duty on master as to placing guards, see note in 30 L. R. A. (N. S.) 36.
Common practice as the measure of master's duty to guard machinery, see note in 16 L. R. A. (N. S.) 140.

Case by George Tabinski, by his next friend, against A. Harvey's Sons Manufacturing Company, Limited, for personal injuries. Judgment for plaintiff. Defendant brings error. Affirmed.

*Henry B. Graves,* for appellant.

*Thomas W. Payne* (*George W. Coomer,* of counsel), for appellee.

Plaintiff, a young lad 14 years and 6 months of age, was injured while in the employ of the defendant, which is a manufacturer and wholesale dealer in plumbers' supplies. On the day of his injury, which was some six months after he started to work, he testified that he was set to work on a pipe-threading machine. After he had been so employed for about three hours, it appears that he went to another part of the shop for a drink of water. Returning, and when near the machine upon which he was working, he claims to have tripped over a valve lying upon the floor, and to have fallen upon the exposed gears or cogs of the machine. He lost three fingers of his left hand; the thumb and first finger remaining intact. A photograph of that part of the machine in which plaintiff received his injury appears on the page following.

Plaintiff brought his action under the provisions of Act No. 285 of the Public Acts of 1909, the applicable provisions of which are as follows:

"Sec. 11. No female under the age of 21 years, and no male under the age of 18 years shall be allowed to clean machinery while in motion, nor employed in or about any distillery, brewery or any other establishment where malt or alcoholic liquors are manufactured, packed, wrapped or bottled, nor in any other employment which may be considered dangerous to their lives and limbs or where their health may be injured or their morals depraved, nor shall females be unnecessarily required in any employment to remain standing constantly.

"Sec. 15. It shall be the duty of the owner of any factory, storehouse or warehouse, or his agent, superin-

tendent or other person in charge of the same, to furnish or supply or cause to be furnished or supplied, in the discretion of the factory inspector, where machinery is in

use, proper shifters or other mechanical contrivances for the purpose of throwing belts on or off pulleys. All gearing or belting shall be provided with proper safeguards,

and whenever possible machinery shall be provided with loose pulleys. All vats, saws, pans, planers, cogs, set-screws, gearing and machinery of every description shall be properly guarded when deemed necessary by the factory inspector."

Defendant offered evidence of experts tending to show that the machine in question was not considered dangerous to life and limb. It also offered the evidence of the deputy State factory inspector, from which it appears that he had inspected defendant's premises in the year 1909, and had made no order respecting this machine, because he did not consider the gears exposed.

The learned circuit judge submitted the case to the jury under instructions to the effect that, before plaintiff could recover he must show by a fair preponderance of the evidence, first, that he received the injury in the manner testified to by him; second, that he was guilty of no negligence contributing to his injury; third, that in placing the boy at work upon the machine in question defendant placed him at employment which might be considered dangerous, within the meaning of the language of the statute. Plaintiff recovered a judgment for $1,500. Defendant has brought the case to this court for review.

BROOKE, J. (*after stating the facts*). Three questions are stated and argued in the brief of counsel for defendant, as follows:

"*First.* Was the decision of the factory inspector conclusive?"

It is pointed out that the legislature of 1909, in passing Act No. 285, used language which, it is claimed by appellant, indicates an intention to make the factory inspector the sole judge as to what employment may be considered dangerous to life and limb; and that from his decision there is no appeal. This argument is based upon the fact that in Act No. 113, Pub. Acts 1901 (section 3), the words used are, "at employment whereby its life or limb is in danger," and in Act No. 169, Pub. Acts 1907, the words

used are, "at employment whereby his or her life or limb is endangered," while in the statute of 1909 the words used are (section 11), "nor in any other employment which *may be considered* dangerous to their lives or limbs." A like argument is predicated upon the fact that the title of the act of 1909 is much broader than those of the acts preceding it. We are of opinion that the language "may be considered dangerous to life and limb" cannot be construed to imply that such consideration shall be indulged in by the factory inspector alone; and that his determination as to any given situation must be considered final.

We are, of course, unable to say what induced the legislature to change the wording of the law in this respect. The intention may have been simply to declare the law in conformity to decisions of this court, as under the earlier statutes it had been held that in doubtful cases the question as to whether a given employment was "dangerous to life or limb" was for the jury. *Braasch* v. *Stove Co.*, 147 Mich. 676 (111 N. W. 197); *Syneszewski* v. *Schmidt*, 153 Mich. 438 (116 N. W. 1107). In any event, we are satisfied that, by this enactment, the legislature did not intend to create an independent tribunal for the determination of this important question, from whose decision there should be no appeal.

It should, perhaps, be noted that in 1911 (Act No. 220) the language was again changed; the words used being "nor in any hazardous employment."

It seems to us sufficiently obvious that the controlling motive in all these enactments is to throw certain safeguards about young children who, by reason of their circumstances, are obliged to seek employment while yet immature and inexperienced. All employment is not prohibited, but only such as may be considered dangerous to life and limb. No definite standard is set; no hard and fast rule is enunciated. In doubtful cases, the responsibility is placed upon the employer himself who, if harm comes to the child, that child at the moment of injury exercising such reasonable care and prudence as his age and

experience will permit, must feel himself able to satisfy a jury that such employment does not come within the inhibition of the statute.

"*Second.* Was there any evidence at all that the machine in question was dangerous? And, *third*, granting, for the sake of argument, that there was evidence that the machine was dangerous, was not the overwhelming weight of the evidence to the contrary?"

We will consider these two questions together.

The fact that plaintiff lost a portion of his hand in the course of his employment, accidentally or otherwise, need not, we think, in this case be considered as bearing upon the character of that employment. A glance at the machine upon which plaintiff received his injury shows that it is operated by means of two sets of gears; and that both are unprotected. The statute (section 15, Act No. 285, Pub. Acts 1909) provides "*all gearing or belting shall be provided with proper safeguards.*" That the mechanism here considered comes within the definition of "gearing" cannot be doubted.

Here, then, is a positive duty imposed upon the master, a breach of which would render him liable if, by reason of such breach, injury resulted to a child exercising due care at the time of the accident. We do not overlook the recurrence of the word "gearing" in the latter part of the section, where the determination of necessity for protection is left to the judgment of the factory inspector. We do not think the use of the word here can be permitted to modify the effect of the express mandate contained in the earlier part of the section. If we are correct in so holding, it follows that the learned circuit judge, in submitting the whole question to the jury, took a position more favorable to defendant than it was entitled to demand. A careful review of the entire record convinces us that there is no reversible error.

The judgment is affirmed.

MOORE, C. J., and STEERE, STONE, and OSTRANDER, JJ., concurred.