### WESTOVER *v.* GRAND RAPIDS RAILWAY CO.

1. NEGLIGENCE—CONTRIBUTORY NEGLIGENCE—PERSONAL INJURIES.

An ordinarily prudent man in crossing a highway or street car track will be watchful of any vehicle or street car which he may observe approaching, until he has passed the danger point and reached a place of safety: it is the duty of a driver to keep observing an approaching street car sufficiently to enable him to determine the safety of his course.[1]

2. STREET RAILWAYS—PERSONAL INJURIES—HIGHWAYS.

In an action for wrongful death of a passenger who was killed in an automobile when it attempted to cross the track of a street railway company, the driver claiming that he looked and saw a car but believed he had sufficient time and proceeded to cross the track, the trial court did not err in charging the jury that it was the duty of the driver to observe the speed of the car from the time he first saw it until he went upon the track: merely looking at the car once at a distance was not enough, and the language should be construed to mean that the driver's duty required him to continue his observation sufficiently to enable him to verify the safety of his decision.

---

[1] As to the duty of the operator of an automobile when near street cars, see note in 38 L. R. A. (N. S.) 493.

3. NEGLIGENCE—AUTOMOBILES—MOTOR VEHICLE LAW—SPEED.

Nor was it error to instruct the jury that the driver on approaching the intersection of two streets must have his automobile under control and operate it at such speed as was reasonable and proper and if he failed to do so he was guilty of contributory negligence; that the motor vehicle law forbids the operation of a motor car on a city street at more than 15 miles an hour and failure to observe this rule would be negligence: there was no impropriety in defining the statutory duty of those driving automobiles on the highway.

4. SAME—SPEED.

Violation of the statutory regulation as to speed was negligence *per se* and would bar plaintiff's recovery.

5. SAME.

*Held*, also, that the charge of the court to the effect that the street car ordinarily has the right of way, as modified by an explanation of the duty of the motorman to keep his car under control and check it so as to avert peril to those who are making lawful use of the streets, was not erroneous or misleading.

Error to superior court of Grand Rapids; Stuart, J. Submitted January 24, 1913. (Docket No. 31.) Decided June 1, 1914.

Case by Carrie M. Westover, as executrix of the estate of Charles M. Westover, deceased, against the Grand Rapids Railway Company for the unlawful killing of plaintiff's intestate. Judgment for defendant. Plaintiff brings error. Affirmed.

*George E. Nichols*, for appellant.

*Kleinhans & Knappen (M. L. Dunham* and *Charles E. Ward*, of counsel), for appellee.

BIRD, J. In the early evening of November 3, 1910, Henry J. Horrigan was driving his automobile in a westerly direction on Briggs avenue, in the city of Grand Rapids. In the automobile with him were his wife and her parents, Mr. and Mrs. Westover. It

was his intention, when he reached the intersection of Briggs and Grandville avenues, to cross over the street car tracks and drive south on Grandville avenue. As he approached Grandville avenue, he looked to the south and saw the headlight of an approaching street car. His estimate of the distance it was away was 200 feet. He was going from 6 to 8 miles an hour, and concluded he could cross in safety before the street car arrived at the intersection. He proceeded across; but before he cleared the east track the car struck the automobile, turning it over, and throwing the occupants out, and injuring Mr. Westover so badly that he died within a few hours thereafter. Mrs. Westover, the widow, brings this suit, as executrix, to recover for the negligent killing of her husband. The negligence complained of was the excessive speed of the car, a failure to observe the ordinance, which limits the speed to 15 miles an hour, and the failure of the motorman to have the car under control in passing the intersection of these avenues. The defendant denied the charge of excessive speed, denied that it violated the ordinance, and charged that the driver of the automobile was guilty of contributory negligence in attempting to cross in front of the car, and also in operating his automobile at an excessive and unreasonable speed. Upon these issues the case was tried and submitted to the jury, who returned a verdict for the defendant. The plaintiff brought error, and her principal assignments of error are based upon the charge of the court.

One portion of the charge complained of is as follows:

"(1) If you find that Horrigan was inattentive to the rate of speed at which the car was coming, that would be negligence on his part, as it was his duty under the circumstances to have noticed the speed at which the car was coming, as far as he could do so. *It was Mr. Horrigan's duty to observe the speed of*

*the car from the time he first saw it and up to the
time he went onto the track. Merely looking at the
car once at a distance was not enough; he should have
continued to observe the speed until he got to the
track, and if he failed to do this, the plaintiff cannot
recover."*

That portion of the charge which appears in italics
is attacked on the ground that it instructed the jury
that the driver of the automobile was guilty of negli-
gence if he did not continue to observe the street car
from the time he first saw it until he went onto the
track. The driver testified that, when within 5 or 6
feet of the east line of Grandville avenue, he first saw
the approaching headlight. He thought the car was
then 200 feet away. He had to travel 6 feet to Grand-
ville avenue and upwards of 24 feet beyond that to a
place of safety. If, when he had gone half that dis-
tance, another observation had convinced him that it
was dangerous to cross ahead of the car, it would have
been his duty to stop. We think it can be said as a
matter of law that, when an ordinarily prudent person
is about to cross a highway, whether on foot *(Zoltov-
ski v. Gzella,* 159 Mich. 620 [124 N. W. 527, 26 L. R.
A. (N. S.) 435, 134 Am. St. Rep. 752]), on a bicycle
*(Measel v. Railway,* 166 Mich. 688 [132 N. W. 453]),
or in a carriage or automobile, and he observes an ap-
proaching street car or any other vehicle which may
obstruct his passage, he is watchful of it or them until
he has passed the danger point and reaches a place of
safety. As to whether he has done so in any given
case is usually a question of fact to be determined
from all the circumstances by a jury. But counsel
argue that the rule laid down by the court is too strict,
in that it placed the duty upon the driver to look con-
tinually at the car after he first saw it until the danger
of collision was passed. A fair construction of the
language means that it was the duty of the driver
to continue his observation sufficiently after he first

saw it to enable him to verify the safety of his decision, or to revise it if necessary to avoid a collision. This is a reasonable construction of the language used by the court, and is a reasonable requirement, and one usually followed by ordinarily prudent people when crossing the highway.

The court, in compliance with defendant's requests, instructed the jury that:

"The statutes of the State also required Mr. Horrigan, on approaching the intersection of Grandville avenue and Briggs avenue, to have his automobile under control, and to operate it at such speed as was reasonable and proper, having regard to the traffic then on Grandville avenue, and for the safety of the public, and if he failed to do so, he was negligent, and, if this negligence contributed to Mr. Westover's death, the plaintiff cannot recover. The statutes of this State made it unlawful for Mr. Horrigan to operate his automobile on Briggs avenue at a higher rate of speed than 15 miles an hour. If, approaching Grandville avenue, he was running his automobile at a greater rate of speed than 15 miles an hour, he was guilty of negligence, and if such negligence in any degree contributed to the accident, plaintiff cannot recover."

These instructions were evidently based upon Act No. 318 of the Public Acts of 1909 (2 How. Stat. [2d Ed.] §§ 2487, 2493), known as the automobile law. The criticism made upon the first paragraph is that it was not applicable to the facts as they were established by the proofs. In view of the claims made by defendant on the trial, that the driver of the automobile was guilty of contributory negligence in operating his automobile at a speed which was improper and unreasonable, and in excess of that prescribed by the statute, we see no impropriety in defining to the jury the statutory duty of those driving automobiles upon the public highway.

The other paragraph is criticised because the court instructed the jury that, if the driver of the automobile was running his car at a speed in excess of 15

miles an hour, he was guilty of negligence. It is said that, even if he were operating the automobile at a speed in excess of 15 miles an hour, it was not negligence *per se*, but only evidence of negligence. It is argued that this instruction was error, and was harmful to the plaintiff's case.

In some jurisdictions it has been held that a violation of an ordinance or a statute is negligence *per se;* but this court has not followed that rule with reference to violations of ordinances. *Cook* v. *Johnston,* 58 Mich. 437 (25 N. W. 388, 55 Am. Rep. 703) ; *Flater* v. *Fey,* 70 Mich. 644 (38 N. W. 656) ; *Sterling* v. *City of Detroit,* 134 Mich. 22 (95 N. W. 986) ; *Blickley* v. *Luce's Estate,* 148 Mich. 233 (111 N. W. 752). It has, however, followed the rule with reference to violations of statutes, and it has been many times held that a violation of a statute was negligence *per se.* *Billings* v. *Breinig,* 45 Mich. 65 (7 N. W. 722) ; *Syneszewski* v. *Schmidt,* 153 Mich. 438 (116 N. W. 1107) ; *Little* v. *Bousfield & Co.,* 154 Mich. 369 (117 N. W. 903) ; *Van Doorn* v. *Heap,* 160 Mich. 199 (125 N. W. 11) ; *Tabinski* v. *Manufacturing Co.,* 168 Mich. 392 (134 N. W. 653).

While in some cases involving the statute the violation has been spoken of as "evidence of negligence," we think there has been no intention to depart from the rule that a violation of a statute imposed under the police power of the State is negligence *per se.* The portion of the charge complained of in this connection having been based on the statutory provisions regulating the operation of automobiles, the trial court was in no error in giving the request.

It is also said that the trial court was in error in giving defendant's fourteenth request, which was as follows:

"When a street car and an automobile are approaching a street intersection, the street car has the right of way, and if it is necessary to avoid an accident, it

is the duty of the automobile to stop and allow the street car to pass on ahead of it."

Counsel contends that, if this request had been properly qualified, it would not have been objectionable, but, as it stands, it is not the law, for the reason that, if a motorman should discover that the track was about to be occupied by an automobile in making a crossing, it would be his duty to stop, if necessary, to avoid a collision; and it is further claimed that the whole charge is characterized "by emphasizing the duties of the party attempting to cross the tracks, without also explaining the duties of the motorman in connection therewith."

Counsel have evidently overlooked the fact that this request was not given as requested. The trial court inserted the word "ordinarily" after the words "street car," making the charge read, "the street car ordinarily has the right of way," etc. Before giving this request, the trial court gave some rules of law bearing upon the reciprocal duties of the street railway company and other parties using the highways, and, among these observations, the following occur:

"People who are traveling upon the streets of this city have a right to rely to some extent upon the watchfulness and prudence of the motorman in charge of the cars, and upon his ability to stop his car within a reasonable distance, and it would be the duty of the motorman in this case, who represented the defendant, and who was in charge of the car, to be cautious and vigilant, and not to run his car at an unlawful or dangerous rate of speed, and to keep a sharp lookout, and to give reasonable and timely warning of the approach of his car to travelers upon the street, or who were about to cross the tracks ahead of his car, and to check and stop his car when it seemed necessary to do so.

"A traveler upon the streets of this city is not required to refrain from crossing whenever a car is in sight, and there may be cases where he may properly exercise his judgment upon the question of when he

should attempt to cross the track, and it may happen that he has miscalculated the distance the street car is away from him. The question is: Did he act as an ordinarily prudent man would have acted in attempting to cross?

"If an ordinarily prudent man under the circumstances would have attempted to cross, he is not necessarily guilty of contributory negligence, although he miscalculated the distance.

"The rights to travel the streets of this city as between the street cars and travelers, and at the intersections thereof, are reciprocal, and it is the duty of the motorman to watch and so far as practicable keep his car under control."

In view of the jury having been instructed in this manner, we think the criticism of counsel is not well taken. We have examined the other errors assigned, but find no reversible error in them.

The judgment of the lower court is affirmed.

MCALVAY, C. J., and BROOKE, KUHN, STONE, OSTRANDER, MOORE, and STEERE, JJ., concurred.