## WEBER *v.* BEESON.

**1.** AUTOMOBILES—HIGHWAYS AND STREETS—PERSONAL INJURIES—NEGLIGENCE—QUESTION FOR JURY.

It was a question for the jury whether a person riding on a motorcycle with another was guilty of contributory negligence, in an action against the owner of an automobile to recover for personal injuries due to the collision with defendant's automobile, where it appeared that when the south line of an intersecting street was reached they stopped for a moment and, seeing nothing to interfere, proceeded to cross the street; that when the street car tracks were reached defendant's automobile was observed on the north side of the intersecting street 150 feet away coming at an unusual speed; that the driver thought they had time to cross, and blew his horn and proceeded north on his way at an increased speed in excess of that

allowed by a city ordinance, and that the traffic on the intersecting street had the right of way.

2. SAME.

It was a question for the jury whether the collision occurred on the street on which plaintiff was proceeding or on the intersecting street from which defendant turned to go in the same direction as plaintiff.

3. SAME — VIOLATION OF CITY ORDINANCE — CONTRIBUTORY NEGLIGENCE—EVIDENCE.

The violation of a speed ordinance by the driver of a motorcycle, with whom plaintiff is riding, in attempting to cross a street in front of an approaching automobile is merely evidence of contributory negligence.[1]

Error to Wayne; Stevens, J., presiding. Submitted April 11, 1917. (Docket No. 28.) Decided September 27, 1917.

Case by John Weber against Edward Beeson and another for personal injuries. Judgment for defendants *non obstanto veredicto*. Plaintiff brings error. Reversed, and judgment entered on the verdict.

*Clarence P. Milligan,* for appellant.

*J. O. Murfin (Frank C. Sibley,* of counsel), for appellees.

BIRD, J. This is a personal injury case, in which plaintiff obtained a verdict for $1,500, which was subsequently set aside by the trial court under the provisions of Act No. 217, Pub. Acts 1915 (3 Comp.

---

[1]As to effect of violation of statute or ordinance regulating speed limit of automobiles in streets, as negligence, see notes in 25 L. R. A. (N. S.) 40; 38 L. R. A. (N. S.) 487; 42 L. R. A. (N. S.) 1178; 51 L. R. A. (N. S.) 990.

On effect of speed and application of speed regulations on liability for collision between automobiles or automobile and other vehicle at or near corner of street or highway, see note in L. R. A. 1916A, 747.

On rules of the road governing vehicles at intersection of streets and when turning across streets, see note in 41 L. R. A. (N. S.) 346.

Laws 1915, § 14568 *et seq*.), on the ground that the evidence showed as a matter of law that plaintiff was guilty of contributory negligence. Whether the trial court was in error in so doing is the sole question presented for our consideration.

The material facts involved appear to be that plaintiff was riding with his brother Jacob on a motorcycle in a northerly direction on St. Aubin avenue in the city of Detroit. When they reached the south line of Gratiot avenue, which crosses St. Aubin avenue at nearly right angles, they stopped for a moment to view the situation. Seeing nothing which they thought would interfere, they proceeded to cross Gratiot avenue. When they reached the street car tracks, and while on the north track, the driver observed an automobile coming in a westerly direction on the north side of Gratiot avenue about 150 feet away. They were then moving at the rate of from 6 to 10 miles an hour. Thinking they could cross before the auto reached there, the driver blew the horn and proceeded on his way, and it is plaintiff's claim that they did cross in safety, but that just as the motorcycle cleared Gratiot avenue defendants turned in on St. Aubin avenue and collided with his rear wheel, thereby throwing him off and injuring him. Defendants insist that the collision occurred on Gratiot avenue, and they argue that plaintiff was guilty of contributory negligence in attempting to cross in front of the automobile, and for the further reason that he was operating the motorcycle at a speed in excess of that allowed by the city ordinance.

The defendants insist that, inasmuch as traffic on Gratiot avenue has the right of way over that on St. Aubin avenue, plaintiff was guilty of negligence as a matter of law in attempting to cross from the north track to the north curb line when he saw defendants' automobile 150 feet away. It is possible that under

all the circumstances plaintiff should not have attempted to pass in front of the automobile, but we cannot hold so as a matter of law. The driver says he thought he could clear the automobile, and therefore proceeded on his way, and if his story is to be believed he did clear it, and no collision would have occurred, had it not been for the sole negligence of defendants. As traffic ordinarily moves in the business section of a city, few drivers would hesitate to act as plaintiff's driver did, if they were moving from 6 to 10 miles an hour with an automobile 150 feet away. But whether the unusual speed at which the automobile was traveling made it hazardous to undertake was a proper question for the jury. Whether the collision occurred on Gratiot avenue or on St. Aubin avenue was likewise a question for the jury. The determination of this question would have an important bearing on the question of plaintiff's negligence. A finding by the jury that the collision occurred in St. Aubin avenue would verify plaintiff's judgment that he had time to cross in safety, and it would further tend to support plaintiff's theory that the defendants came around the corner and ran into him. There were several eyewitnesses of the accident; but, as usual, they did not see the events leading to the collision with the same eyes. On several of the important features of the case the testimony was in conflict.

But it is said that the testimony is uncontradicted that plaintiff was violating the ordinance as to the rate of speed he was traveling while crossing the intersection. We have held that a violation of an ordinance was merely evidence of negligence. *Cook* v. *Johnston,* 58 Mich. 437 (25 N. W. 388, 55 Am. Rep. 703) ; *Flater* v. *Fey,* 70 Mich. 644 (38 N. W. 656) ; *Sterling* v. *City of Detroit,* 134 Mich. 22 (95 N. W. 986) ; *Blickley* v. *Luce's Estate,* 148 Mich. 233 (111 N. W. 752). Whether the speed of the motorcycle caused or contributed to

the accident was, in connection with the other facts, a question for the jury.

We think it is clear upon the whole record that the question of the contributory negligence of the plaintiff was one for the jury. Having reached this conclusion, the order of the court setting aside the verdict must be vacated, and the judgment reinstated. The plaintiff will recover his costs in this court.

KUHN, C. J., and STONE, OSTRANDER, MOORE, STEERE, BROOKE, and FELLOWS, JJ., concurred.