## HOLMES v. MERSON.

1. TRIAL—CREDIBILITY OF WITNESSES.
   In trial of automobile accident case in which testimony could
   not all be reconciled with the theory that all of the witnesses
   were telling the truth, the credibility of the witnesses and the
   truthfulness of their statements were for the jury.

2. AUTOMOBILES—DUTY TO DRIVE ON RIGHT SIDE.
   A motorist has the statutory duty to drive his car on the right
   half of the highway (1 Comp. Laws 1929, § 4703).

3. NEGLIGENCE—VIOLATION OF STATUTE.
   Generally a violation of a statutory duty constitutes negligence
   *per se*.

4. SAME—VIOLATION OF STATUTE—PROXIMATE CAUSE.
   The violation of a statutory duty is not alone sufficient to estab-
   lish liability on a tortfeasor but such violation must have been
   the proximate cause of the injury.

5. AUTOMOBILES—MOTORIST'S DUTY AS TO CONTROL OF CAR.
   Motorist whose car struck and killed plaintiff's decedent had
   duty to have it under such control as would have enabled him
   to stop it within the assured clear distance ahead (1 Comp.
   Laws 1929, § 4697, as amended by Act No. 119, Pub. Acts
   1933).

6. SAME—DUE CARE—COMMON LAW—STATUTES.
   A motorist has common-law duty of exercising due care irrespec-
   tive of statute, statutory requirements being regarded as cumu-
   lative and not to destroy the common-law duty.

7. SAME — NEGLIGENCE — CONTRIBUTORY  NEGLIGENCE — EVIDENCE —
   QUESTIONS FOR JURY.
   In action for death of plaintiff's decedent, a pedestrian, arising
   out of accident which occurred at about 2 a. m. on a late
   September morning while decedent was crossing a highway,

testimony as to defendant motorist's negligence and decedent's contributory negligence *held*, sufficient to make both questions of fact for the jury (1 Comp. Laws 1929, § 4697, as amended by Act No. 119, Pub. Acts 1933; § 4703).

Appeal from Van Buren; Warner (Glenn E.), J. Submitted April 13, 1938. (Docket No. 108, Calendar No. 40,026.) Decided June 10, 1938.

Case by Leah Holmes, administratrix of the estate of Wellington J. Holmes, deceased, against Harold Merson and Edward A. Merson, for negligently killing plaintiff's decedent. Verdict and judgment for plaintiff. Defendants appeal. Affirmed.

*Charles W. Gore,* for plaintiff.

*Gore, Harvey & Fisher,* for defendant.

POTTER, J. Leah Holmes, administratrix of the estate of Wellington J. Holmes, deceased, brought suit to recover damages for the death of her husband against defendants. Plaintiff's decedent was struck by an automobile driven by Harold Merson about 2 a. m. on the morning of September 27, 1936, while crossing the highway known as US-12 south of St. Joseph, Michigan, and opposite or nearly opposite the Hollywood Cafe. Holmes and his companions had been visiting this cafe and defendant Harold Merson and others had gone south to another place of entertainment and were returning, driving north on the highway. There was a motion for directed verdict at the conclusion of plaintiff's testimony. This motion was overruled. It was renewed at the conclusion of all the testimony, again overruled, and the question of defendants' liability submitted to the jury which found a verdict for

plaintiff. Motion for new trial was made and denied, and defendants appeal.

Defendants contend Harold Merson, the driver of the automobile in question, was not guilty of negligence as a matter of law, that no negligence of his was the proximate cause of the death of Holmes, that Holmes was guilty of contributory negligence as a matter of law, defendants' motion for directed verdict at the conclusion of plaintiff's case should have been granted, their motion for directed verdict at the conclusion of all the testimony should have been granted, the trial court should have granted a new trial upon defendants' motion, and that the verdict was contrary to the evidence.

Plaintiff and appellee in her counterstatement contends the testimony proved that Harold Merson, the driver of the automobile, was guilty of negligence and it cannot be said from this record that Holmes was guilty of contributory negligence as a matter of law.

This case, like many others, involves disputed questions of fact. There is no way to reconcile all the testimony with the theory that all of the witnesses were telling the truth. The credibility of the witnesses and the truthfulness of their statements were for the jury. Mrs. Young, who testified for the plaintiff, says she was positive that when she was struck she was practically on the west edge of the pavement of the highway. Mr. Young, who was seated in the rear seat of Holmes' automobile parked near the place of accident, says: "They were almost across the pavement. In fact my wife was stepping off the pavement and the front bumper of this car caught her leg and threw her up in the air. * * * Mr. Holmes was hit more direct by the front of the car." Mr. Young testified no signal was given by the oncoming car driven by defendant Harold Mer-

son, and the car was going at a terrific speed. Albert Wygent, who was walking behind Holmes and Mrs. Young, testified defendants' automobile was being driven between 50 and 70 miles an hour on a down-grade. Miss Wilcynski testified she was back of Holmes and Mrs. Young when defendants' automobile came zigzagging down the highway and hit Mrs. Young and Mr. Holmes, that Holmes and Mrs. Young were right by the car that was parked and were across the middle line of the highway and almost off the pavement. Harold Merson, the driver of defendants' automobile, admits he was going 30 to 40 miles an hour, that he did not apply his brakes when he first saw Holmes and Mrs. Young, but about half-way between the time he first saw them and when he hit them. Mrs. Antoinette Dudas testified Holmes and Mrs. Young were nearly across when they were struck. Defendants' automobile was being driven from the south and going north. There is no question this automobile hit Mr. Holmes. There was ample testimony to indicate Holmes was nearly across the street and, if so, defendants' automobile was being driven on the wrong side of the road.

It was the duty of the defendant Harold Merson to drive his automobile on the right half of the highway. 1 Comp. Laws 1929, § 4703 (Stat. Ann. § 9.1571). The generally accepted view is that violation of a statutory duty constitutes negligence *per se.* 45 C. J. p. 720. As said in *Westover* v. *Railway Co.,* 180 Mich. 373:

"In some jurisdictions it has been held that a violation of an ordinance or a statute is negligence *per se;* but this court has not followed that rule with reference to violations of ordinances. *Cook* v. *Johnston,* 58 Mich. 437 (55 Am. Rep. 703) ; *Flater* v. *Fey,* 70 Mich. 644; *Sterling* v. *City of Detroit,* 134 Mich. 22; *Blickley* v. *Luce's Estate,* 148 Mich. 233. It has,

however, followed the rule with reference to violations of statutes, and it has been many times held that a violation of a statute was negligence *per se*. *Billings* v. *Breinig,* 45 Mich. 65; *Syneszewski* v. *Schmidt,* 153 Mich. 438; *Little* v. *Bousfield & Co.,* 154 Mich. 369; *Van Doorn* v. *Heap,* 160 Mich. 199; *Tabinski* v. *A. Harvey's Sons Manufacturing Co.,* 168 Mich. 392.

"While in some cases involving the statute the violation has been spoken of as 'evidence of negligence,' we think there has been no intention to depart from the rule that a violation of a statute imposed under the police power of the State is negligence *per se*."

See, also, *Bade* v. *Nies,* 239 Mich. 37, and *Hinchey* v. *J. P. Burroughs & Son,* 240 Mich. 273.

Such violation of the statute alone is not sufficient to establish liability. It must have been the proximate cause of the injury. *Warwick* v. *Blackney,* 272 Mich. 231.

It was the duty of Harold Merson, the driver of the automobile which struck and killed Mr. Holmes, to have his automobile under reasonable control. It is a general rule that the common-law duty of due care always rests upon the driver of an automobile irrespective of statute, and the requirements of the statute are regarded as cumulative and do not destroy this common-law duty. Babbitt's Motor Vehicle Law (4th Ed.), § 537. Defendant Harold Merson's control should have been such as to enable him to stop his automobile within the assured clear distance ahead. 1 Comp. Laws 1929, § 4697, as amended by Act No. 119, Pub. Acts 1933 (Comp. Laws Supp. 1935, § 4697, Stat. Ann. § 9.1565).

There is testimony sufficient to make the question of defendants' negligence a question of fact for the jury and testimony to make the question of the con-

tributory negligence of Holmes likewise a question of fact for the jury. *Lawrence* v. *Bartling & Dull Co.*, 255 Mich. 580; 5 Am. Jur. p. 608; *Burton* v. *Yellow & Checker Cab & Transfer Co.*, 283 Mich. 384. These questions of fact were resolved by the jury in favor of the plaintiff. We find no reversible error in the trial.

Judgment affirmed, with costs.

WIEST, C. J., and BUTZEL, BUSHNELL, SHARPE, CHANDLER, NORTH, and MCALLISTER, JJ., concurred.