KRZEMINSKI *v.* CHUSLO.

1. AUTOMOBILES—VIOLATION OF STATUTES—TRAFFIC SIGNALS—NEGLIGENCE PER SE.

Violations of duties imposed by statute upon drivers of motor vehicles upon public streets and highways to stop for certain traffic signals and signs constitute negligence per se (CLS 1961, § 257.611).

2. NEGLIGENCE—ORDINANCES—VIOLATIONS—NOT NEGLIGENCE PER SE.

Ordinarily violations of an ordinance do not constitute negligence per se.

REFERENCES FOR POINTS IN HEADNOTES

[1-4] 7 Am Jur 2d, Automobiles and Highway Traffic § 364.
[5] 8 Am Jur 2d, Automobiles and Highway Traffic § 1011.
[6] 8 Am Jur 2d, Automobiles and Highway Traffic § 1031.
[7] 8 Am Jur 2d, Automobiles and Highway Traffic §§ 1018, 1019.
53 Am Jur, Trial §§ 512, 513.
[8] 8 Am Jur 2d, Automobiles and Highway Traffic §§ 1018, 1019.
53 Am Jur, Trial § 522.
Provision in Rule 51, Federal Rules of Civil Procedure, and similar State rules and statutes, requiring court to inform counsel, prior to argument to jury, of its proposed action upon requests for instructions. 91 ALR2d 836.

3. SAME—VIOLATION OF ORDINANCE—NOT NEGLIGENCE PER SE—BASIS
OF RULE.

The basis of the rule that violations of municipal ordinances are
not negligence per se is that the primary object of municipal
ordinances is public and not private, and their violation is re-
dressed by the legal penalties.

4. AUTOMOBILES—STATUTES—ORDINANCES—NEGLIGENCE.

Violation of traffic ordinance prohibiting running of red light
*held,* not bound by usual rule that violation of an ordinance
is not negligence per se, where the particular violation is also
prohibited by a State statute, and both ordinance and statute
were adopted to protect the general public and prevent personal
injuries to private individuals (CLS 1961, § 257.611; Comp
Ord Detroit, chap 115D, § 14[d]).

5. NEGLIGENCE—DIRECTED VERDICT AS TO LIABILITY—NEGLIGENCE PER
SE.

Direction of verdict on issue of liability in negligence action
*held,* proper, where record indicates defendant ran red light
in violation of ordinance causing damages to plaintiffs who
had the green light, since defendant was guilty of negligence
per se (CLS 1961, § 257.611; Comp Ord Detroit, chap 115D,
§ 14[d]).

6. TRIAL—INSTRUCTIONS—PROXIMATE CAUSE—NOT REVERSIBLE ER-
ROR.

Defendants' contention that trial court erred in its instructions
concerning proximate cause in negligence action *held,* not well
taken since the court's instructions to the jury were sufficient
to apprise the jury of the meaning and legal significance of
the term "proximate cause," and did not constitute reversible
error.

7. SAME—REQUESTED INSTRUCTIONS—REASONABLENESS OF LOSS.

Defendant's contention that the trial court erred in refusing to
give requested instructions on reasonableness of loss in negli-
gence action *held,* without merit, since there was no claim
either at trial or on appeal that the expenses paid were un-
reasonable.

8. SAME—ACTION ON PROPOSED INSTRUCTIONS—FAILURE OF COURT—
COURT RULE.

Failure of trial court to inform counsel of its proposed action on
the requests for instructions prior to their argument to the
jury as required by court rule *held,* not to warrant a new trial,
where material prejudice is not shown to exist (GCR 1963,
516.1).

Appeal from Wayne; Gilmore (Horace W.), J. Submitted Division 1 April 5, 1966, at Detroit. (Docket No. 1,080.)   Decided September 27, 1966.

Complaint by Sophie Krzeminski and Joseph Krzeminski against Julia Mary Chuslo and Rudolph Chuslo for injuries allegedly arising from an automobile accident. Verdict as to liability directed in favor of plaintiff. Verdict and judgment for plaintiff. Motion for new trial denied. Defendants appeal. Affirmed.

*Elliot I. Beitner,* for plaintiffs.

*Rouse, Selby, Webber, Dickinson & Shaw* (*Millard W. H. Becker, Jr.* of counsel), for defendants.

J. H. GILLIS, P. J. The defendants, Julia Mary Chuslo and Rudolph Chuslo, appeal from a denial of their motion for a new trial following a $15,000 jury verdict for the plaintiffs, Sophie Krzeminski and Joseph Krzeminski. The plaintiff Joseph Krzeminski's claim is derivative from injuries received by his wife Sophie in an automobile accident while a passenger in a car driven by her daughter, Barbara.

The accident occurred on December 15, 1961, at approximately 3:15 p.m. at the intersection of Joy road and Spinoza in the city of Detroit. The vehicle in which the plaintiff was a passenger was proceeding west on Joy road and the defendant was driving an automobile, owned by her husband, north on Spinoza. As the cars approached this intersection, the signal light was red for Spinoza and green for Joy road. The defendant admittedly failed to stop for the red light and proceeded into the intersection striking the vehicle in which the plaintiff was a

passenger. The weather was clear and dry,* and the only explanation given by the defendant for running the red light was that her foot slipped off the brake and the ankle part of her new, stiff boots became stuck under the brake peddle making it impossible for her to stop the car. A traffic ticket was issued to the defendant for violating chapter 115D, § 14(d) of the compiled city ordinances making it unlawful for a vehicle to enter an intersection when facing a red signal. The defendant subsequently pleaded guilty to this offense. After hearing all the testimony, the trial court granted the plaintiffs' motion for a directed verdict as to liability and held the defendants' conduct constituted negligence per se. The question of damages was left to the jury.

The first issue raised on appeal was whether the trial court erred in directing liability against the defendants as a matter of law. Courts are generally reluctant to grant directed verdicts as to liability, and normally negligence is a question of fact for the jury. However, under certain circumstances negligence can be established as a matter of law.

The legal effect of a failure to stop for a red light has been referred to in *City of Kalamazoo* v. *Priest* (1951), 331 Mich 43, 47.

"Many duties are imposed upon the drivers of motor vehicles upon public streets and highways. Some result from express statutory requirements to * * * stop for certain traffic signals and signs, * * * violations of which constitute negligence per se."

---

* There was conflicting testimony on this point and although this is not crucial to the case it is interesting to note how the conflict arose. The plaintiff on direct examination testified the road was slushy, whereupon defendants' counsel elicited testimony from both the defendant and the investigating officer that the road was dry. On appeal, each party has used the other's statement as to the condition of the highway.

In the instant case the defendant was convicted of a violation of a city ordinance, and it has consistently been held by our Supreme Court that a violation of an ordinance does not constitute negligence per se. *Holmes* v. *Merson* (1938), 285 Mich 136. The basis for the rule that violations of municipal ordinances are not negligence per se is found in the statement that:

"The primary object of municipal ordinances is public and not private, and their violation is redressed by the legal penalties." *Cook* v. *Johnston* (1885), 58 Mich 437, 439 (55 Am Rep 703).

The case at bar does not come within the reasoning of the *Cook Case* since the particular violation is also prohibited by a State statute. CLS 1961, § 257.611 (Stat Ann 1960 Rev § 9.2311). Both the ordinance and statute, *supra,* were adopted to protect the general public and prevent personal injuries to private individuals. The statute was enacted under the State's police powers and " 'we think there has been no intention to depart from the rule that a violation of a statute imposed under police power of the State is negligence per se.' " *Holmes* v. *Merson, supra,* at p 140.

The question of directing verdicts for a plaintiff in a negligence case was discussed in *Hardaway* v. *Consolidated Paper Co.* (1962), 366 Mich 190. In that case the Court cited with approval (at 198) *Holbert* v. *Staniak* (1960), 359 Mich 283, in stating "failure of a trial court to instruct that a defendant who violates a statute was guilty of negligence as a matter of law is error." The Court went on to say "We believe * * * the court * * * did not err in limiting the jury to the question of damages."

On the basis of these authorities we agree with the trial court's decision directing a verdict as to the defendants' liability.

The next objection of the defendants relates to the trial court's instructions to the jury concerning proximate cause. The trial court's instructions were as follows:

"*The Court:* There is a clear dispute here between the plaintiff and defendant as to the injuries and the causal connection of these injuries to the accident in question. Of course, that's the key thing in this whole case. Did this accident cause these injuries, and to what extent did it cause the injuries? * * *

"I told you the basic rule in damages is that the damages you award must have been caused by the accident in question here. * * *

"And there is our test again. It is: Were these expenses incurred because of this accident?"

As a supplement to these instructions, the court informed the jury that the defendant contends the conditions complained of existed before or at the same time as the accident and that "the accident was not in and of itself the cause of these conditions."

The test to be used in ascertaining the propriety of instructions is: "Did the instructions as given adequately inform the jury on the applicable law reflecting and reflected by the various evidentiary claims in the particular case?" *Johnston* v. *Narmore* (1965), 1 Mich App 160, 164. This Court is of the opinion that the trial court's instructions met the standards of the *Johnston Case,* were sufficient to apprise the jury of the meaning and legal significance of the term "proximate cause," and did not constitute reversible error.

The defendants' next allegation of error is based upon the trial court's refusal to give the requested instructions as to "reasonableness and necessity of loss." A search of the record fails to disclose any instructions as to the reasonableness of the losses.

However, since there was no claim at trial or on this appeal that the expenses paid by the husband were unreasonable, this Court is unable to find any prejudicial error in the court's failure to discuss reasonableness of damages.

A further claim on appeal is that the trial court failed to "inform counsel of its proposed action on the request for instructions prior to their arguments to the jury." Failure to comply with the rule would not warrant a new trial unless material prejudice is shown to exist. *Cf. Hardigg* v. *Inglett* (CA 4, 1957), 250 F2d 895.

The balance of the allegations of error are either without merit or are untimely made.

Judgment affirmed. Costs to appellees.

Holbrook and McGregor, JJ., concurred.