## Tyson, Appellant, *v.* Union Traction Company.

*Negligence—Street railways—Collision between car and wagon—Contributory negligence.*

In an action against a street railway company to recover damages for personal injuries, the evidence showed that plaintiff drove a two-horse team, drawing a load of hay from a hotel yard out upon a street forty feet wide from curb to curb. The defendant had two tracks upon the street, and a space of more than twelve feet was left upon each side between the curb and nearest rail. When the plaintiff drove out of the yard, he stopped his team with the front wheels resting in the gutter ; he was upon the east side of the street, intending to go north. He looked up, and saw a car approaching from the north, coming upon the south-bound track which was the one most distant from him. He testified that he thought the car was far enough away to permit him to drive across both tracks before it reached him. He, therefore, started his team to go directly across, and when his front wheels were on the south-bound track, the wagon and car collided, causing the injury to plaintiff. There was nothing to put the motorman on notice of any impending collision, until the horses had actually stepped upon the track upon which the car was approaching. *Held,* that plaintiff was guilty of contributory negligence, and could not recover.

Argued March 27, 1901. Appeal, No. 349, Jan T., 1900, by plaintiff, from judgment of C. P. No. 4, Phila. Co., Sept. T., 1898, No. 987, on verdict for defendant, in case of John K. Tyson v. Union Traction Company. Before MITCHELL, FELL, BROWN, MESTREZAT and POTTER, JJ. Affirmed.

Trespass to recover damages for personal injuries. Before WILLSON, J.

The facts appear by the opinion of the Supreme Court.

John Walton was asked this question :

" Q. How long after this collision was it that whatever was said was said? A. It was only a matter of a few minutes. Q. What do you mean by minutes? A. A few minutes, prob-

ably not over four or five at most. Q. Do you think it was as long as that, four or five minutes? A. Possibly."

Mr. Savidge: "Q. Had the car stated off? A. No, sir; they had not removed the obstruction, they were in the act of doing that."

The Court: The witness says it was four or five minutes afterwards a man was carried into the hotel. I do not think under those circumstances I should admit the evidence as part of the res gestæ.

Exception for plaintiff. [1]

Plaintiff proposed to show by Allan G. Landis that immediately after the accident, before the crowd had left, while the plaintiff was on the ground, during the excitement attending, that the motorman and conductor made declarations showing the cause of the accident, and that the motorman said, "Gentlemen, I am sorry this happened, it was the company's fault. If they had been along that morning and sanded the track as usual, I could have stopped the car before it struck the wagon."

Objected to. Objection sustained. Exception for plaintiff. [2]

"Q. Did you hear any declarations of either the motorman or the conductor in which there were stated whether the tracks of the company had usually been sanded, and whether they had been sanded upon that morning?"

Objected to. Objection sustained. Exception for plaintiff. [3]

The court charged as follows:

[It seems to me that under the rulings of the Supreme Court, I must direct the jury to render a verdict in favor of the defendant, and I so instruct.] [4]

Verdict and judgment for defendant. Plaintiff appealed.

*Errors assigned* were (1–3) rulings on evidence, quoting the bill of exceptions; (4) in giving binding instructions for defendant.

*Gilbert R. Fox* and *Frank R. Savidge*, with them *Henry D. Paxson*, for appellants.—The case was for the jury: Newhard v. Pennsylvania R. R. Co., 153 Pa. 425; Whitman v.

Penna. R. R. Co., 156 Pa. 177; Haney v. Pittsburg, etc., Traction Co., 159 Pa. 395; Frame v. Electric Traction Co., 180 Pa. 49; Smith v. Electric Traction Co., 187 Pa. 110; Woelfel v. Federal St., etc., Pass. Ry. Co., 183 Pa. 213; Muckinhaupt v. Erie R. R. Co., 196 Pa. 213.

*Thomas Leaming,* with him *Russell Duane,* for appellee.— Burke v. Union Traction Co., 198 Pa. 497, rules this case.

OPINION BY MR. JUSTICE POTTER, May 6, 1901:

Plaintiff drove a two-horse team, drawing a load of hay, from a hotel yard, out upon Germantown avenue. The roadway at that point was forty feet wide, from curb to curb. The defendant company had two tracks upon the street, and a space of more than twelve feet was left upon each side, between the curb and the nearest rail. When the plaintiff drove out of the yard, he stopped his team, with the front wheels resting in the gutter. He was upon the east side of the street, intending to go north. He looked up, and saw a car approaching from the north, coming upon the south-bound track, which was the one farthest from him. He testifies that he thought the car was far enough away, to permit him to drive across both tracks, before it reached him. He therefore started his team, to go directly across, and when his front wheels were on the south-bound track, the wagon and car collided, causing the injury complained of. There was nothing to put the motorman on notice of any impending collision, until the horses had actually stepped upon the track upon which the car was approaching. The plaintiff could have remained where he was, until the car passed, or he could have turned directly into the first track, which was the right-hand track going north. He did neither, but chose to drive directly across the street. The testimony does not show how far the car was, from the horses, when they first entered upon the line of the south-bound track, but it was so close, that the team, which plaintiff said were quick steppers, had only time to barely clear the track, which was five feet wide, leaving the front wheels, and the body of the wagon to be struck by the car. The evidence seems to show that the motorman did everything within his power to stop the car, as soon as he had reason to apprehend a collision. He put on

his brakes so tightly that the wheels slid. But whether he did or not, the contributory negligence of the plaintiff was most apparent, and there can be no recovery in this case. The learned court below was entirely right in directing a verdict for the defendant.

The first, second, and third specifications of error are without merit. It is doubtful if the declarations of the motorman and conductor, which were sought to be proven, were in any proper sense, part of the res gestæ. But even if admitted, the evidence could not affect the result, as the contributory negligence of the plaintiff is established, beyond question.

The judgment is affirmed.