# Ervay *v.* Waverly, Sayre & Athens Traction Company, Appellant.

*Negligence—Contributory negligence—Street car companies—Stop, look and listen—Judgment n. o. v.*

1. The duty of a pedestrian or driver to look, and, if necessary, because of obstructions to vision, to listen before crossing the track of a city passenger railway, is as fixed as the duty, of which it is a part, to stop, look and listen before crossing the track of a steam railroad. The rule in relation to the observance of this duty is unbending and to be observed at all times and under all circumstances and a failure to observe it is negligence per se. The proper place to look is when close to the track or as stated in some of our cases at the edge of the track.

2. The lower court should have entered judgment for defendant n. o. v. in an action to recover damages for injuries sustained by plaintiff in a collision between a long sled, in which he was riding, and the car of the defendant company, at a street crossing of a borough, where it appeared that plaintiff when he reached the house line of the street which he was about to cross, saw a car three or four hundred feet from the intersection and approaching very rapidly; that he looked again when his horses' front feet were on the footway crossing fifteen feet from the tracks, and saw the car two hundred or two hundred and fifty feet distant, still approaching very rapidly; that he did not look again, but, upon the assumption that he had time to cross in advance of the car, drove upon the tracks at a walk, with the consequence that his sled was struck by the car, and he was injured. In such case the plaintiff was not relieved from his duty to observe care by the assumption, however reasonable, that the motorman would check the speed of the car in time to enable him to cross in safety.

Argued March 17, 1913.   Appeal, No. 333, Jan. T., 1912, by defendant, from judgment of C. P. Bradford Co., May T., 1910, No. 319, on verdict for plaintiff in case of Noble Ervay v. Waverly, Sayre & Athens Traction Company.   Before FELL, C. J., BROWN, MESTREZAT, POTTER and STEWART, JJ.   Reversed.

Trespass for personal injuries.   Before CAMERON, P. J. The opinion of the Supreme Court states the facts.

Verdict and judgment for plaintiff for $2,000.   Defendant appealed.

*Errors assigned* were the refusal of binding instructions for defendant and defendant's motion for judgment n. o. v.

*M. E. Lilley,* of *Lilley & Wilson,* for appellant.— Plaintiff was guilty of contributory negligence: Ehrisman v. Railway Co., 150 Pa. 180; Smathers v. Railway Co., 226 Pa. 212; Potter v. Railway Co., 19 Pa. Superior Ct. 444; Houston v. Traction Co., 28 Pa. Superior Ct. 374; Moser v. Traction Co., 205 Pa. 481; McCracken v. Traction Co., 201 Pa. 378; Bornscheuer v. Traction Co., 198 Pa. 332; Ledwidge v. St. Louis Transit Co., 73 S. W. Repr. 1008; Chicago City Ry. Co. v. Strampel, 110 Ill. App. 482; Toohey v. Interurban St. Ry. Co., 92 N. Y. Supp. 427.

*Charles M. Culver,* with him *Rodney A. Mercur, Stephen H. Smith* and *David E. Kaufman,* for appellee. —A person about to cross a street railway crossing is not bound to wait, because the car is in sight, if the car is such a distance from him that he has time enough to cross if it is run at its usual speed: Hamilton v. Consolidated Traction Co., 201 Pa. 351; Hobel v. Mahoning & Shenango Ry. and Light Co., 229 Pa. 507; Raulston v. Traction Co., 13 Pa. Superior Ct. 412.

The case was for the jury: Bard v. Philadelphia and

Reading Ry. Co., 199 Pa. 94; Grupp v. Philadelphia
Rapid Transit Co., 42 Pa. Superior Ct. 271; Spahr v.
York Rys. Co., 50 Pa. Superior Ct. 602; Connor v. Pitts-
burgh Rys. Co., 50 Pa. Superior Ct. 629; West Phila-
delphia Pass. R. W. Co. v. Mulhair, 6 W. N. C. 508;
Conyngham v. Erie Electric Motor Co., 15 Pa. Superior
Ct. 573.

OPINION BY MR. CHIEF JUSTICE FELL, April 21, 1913:

The plaintiff was injured in a collision between a long
sled in which he was riding and a car of the defendant
at a street crossing in a borough. When he reached the
house line of the street on which the defendant had a
single track road he saw a car three hundred or four
hundred feet from the intersection and approaching
very rapidly. When his horses' front feet were on the
footway crossing fifteen feet from the tracks, he again
looked at the car and saw it two hundred or two hun-
dred and fifty feet from the intersection and then saw
that it was approaching very rapidly, at more than twice
its usual speed and at the rate of twenty-five or thirty
miles an hour. He did not look again but acted on
the assumption that he had time to cross in advance of
the car and drove on at a walk of three or four miles an
hour. The back part of his sled was struck by the car.
When he last looked at the car, his horses' heads were
fifteen feet from the track and because of the length of
his sled and team, the width of the track and the over-
hang of the car he had to drive forty-five feet to cross in
advance of the car, which according to his highest esti-
mate of distance was within two hundred and fifty feet
of him and was moving more than six times as fast as
he was. A collision was inevitable unless he or the
motorman took measures to avoid it. With full knowl-
edge of the situation he went on when he had ample
time in which to stop and ample room in which to turn
to either side, and left the whole responsibility of avoid-
ing a collision with the motorman.

In determining whether the case should have been withdrawn from the jury, it may be assumed that the motorman was negligent, but a contributing cause of the plaintiff's injury was his own negligence in exposing himself to a danger which was manifest to him when his horses were on the crossing and which would have been more manifest to him if he had looked when it was his duty to look, immediately before driving on the track. He was not released from this duty by the assumption, however reasonable, that the motorman would check the speed of the car in time to enable him to cross in safety. The duty of a pedestrian or driver to look, and if necessary because of obstructions to vision, to listen before crossing the track of a city passenger railway is as fixed as the duty of which it is a part to stop, look and listen before crossing the track of a steam railroad. The rule in relation to the observance of this duty is unbending and to be observed at all times and under all circumstances and a failure to observe it is negligence per se. In the observance of it no question can arise as in the case of a driver at the crossing of a steam road in relation to the usual or proper place to stop. The proper place to look is when close to the track or as stated in some of our cases at the edge of the track. There has been no departure from the rule as announced in Ehrisman v. Railway Co., 150 Pa. 180, and it has been followed in a long line of cases. In Smathers v. Railway Co., 226 Pa. 212, it was said by our Brother Elkin, in speaking of the duty to look before crossing the tracks of a railway company: "The one positive and imperative duty always required under such circumstances is to look when the tracks are reached and immediately before crossing. Failure to perform this duty will defeat a recovery under the authority of all our cases. In such cases no question can arise as to the proper place to look or whether there is a better place as in a steam railroad

grade crossing because the settled rule is that the place to look is immediately before going upon the tracks."

The assignment of error to the refusal of the court to enter judgment non obstante veredicto is sustained and judgment is now entered for the defendant.