BERTRAND, Respondent, vs. MILWAUKEE ELECTRIC RAILWAY & LIGHT COMPANY, Appellant.

*March 21—April 9, 1914.*

*Street railways: Negligence: Collision with automobile: Contributory negligence of chauffeur.*

In an action for injury to an automobile by collision with a street car, the evidence is *held* to show conclusively that the chauffeur, who drove the automobile upon the track from a cross street, was guilty of contributory negligence in failing to avoid the danger after he saw or might have seen the car approaching.

APPEAL from a judgment of the circuit court for Milwau- kee county: ORREN T. WILLIAMS, Circuit Judge.   *Reversed.*

Action to recover for an alleged negligent injury to plaint- iff's automobile.

Plaintiff's machine, while being operated by her employee, was considerably injured by a collision between it and one of defendant's street cars. The occurrence took place in the early part of an evening in September, 1910. The street car, as it approached the point of collision, was a conspicuous object by reason of a headlight thereon and other lights therein. It could easily have been seen by a person circumstanced as the chauffeur was while he was yet a safe distance from the track, wherever it may have been within a distance of 700 feet. The automobile was started from in front of plaintiff's residence on a street, crossing at right angles the one on which the car track was located, about forty feet from the point of intersection and fifty-two feet from the nearest rail of the track. The chauffeur purposed going onto the track street and thence to the right on such street between the street-car track and the curb line of the street, which was about twelve feet from the car track. The car was moving towards the intersection from the direction the chauffeur purposed facing. As he approached the track he swung to the left away from the curb line about sixteen feet. When within about that distance of the first rail, by looking, carefully, he could have seen the car coming anywhere within a distance of more than 500 feet. There was some interference caused by shade trees just inside the curb line. He testified that he looked and did not see any car. When within some three feet of the track he observed the car coming. He was then going at a speed of about four or five miles an hour and could have brought the machine to a stop in a distance of about four feet. The street car was coming toward him pretty fast. There was evidence to the effect that it was moving some over twenty miles per hour. At the instant he saw it he was using the slow speed of his machine and purposed making the turn into the space between the right-hand curb of the street on which the car was coming and the track in such a way as to be within the zone of danger from the car while covering a distance of some forty feet, more or less, and actually on the track for a

Bertrand v. Milwaukee E. R. & L. Co. 156 Wis. 639.

distance of some thirty feet. The car, according to his testimony, was then some 80 to 100 feet away. At that instant he changed to second speed and proceeded to make the turn going at a rate of some six miles per hour. Just as the machine was leaving the track the collision occurred. At the time the chauffeur cleared the line of trees the car was some 100 feet' away and in plain sight. As the motorman observed there was danger of a collision he slackened his speed materially. The jury, as the court viewed the verdict, found all the issues in favor of the plaintiff and, particularly, that the chauffeur, by making diligent effort to that end, could not have seen the car as he approached the track in time to have avoided the collision and that when the automobile was so located that it might have been stopped by the exercise of ordinary care, it would not have been apparent to a person circumstanced as the chauffeur was that in case of his proceeding, a collision would occur unless the speed of the car was materially reduced.

Judgment was rendered in plaintiff's favor on the verdict.

For the appellant there was a brief by *Van Dyke, Rosecrantz, Shaw & Van Dyke,* and oral argument by *Carl Muskat.*

For the respondent there was a brief by *Kronshage, Hannan & McMillan,* and oral argument by *T. J. Hannan.*

MARSHALL, J. Was the chauffeur guilty of contributory negligence? That is the question for decision. Some light is thrown upon it by the finding that the driver of the automobile, when he was about to enter upon the track, saw the coming car, but continued, nevertheless, and traveled in the zone of danger some twenty-five feet before the collision. It is evident from this finding and the undisputed evidence as well, that from the time he saw, or might have seen, the car, he could have avoided all danger in either of these ways: (a) stopped before entering the track; (b) turned within the space between the curb and the track; (c) speeded up and gone straight across the track; (d) speeded up his machine

after entering upon the track.    He did neither but went on his way quite leisurely and without any particular attention to clearing the track for the car to pass, but rather with an air of having as much right to compel the motorman to slow up and give him time, as the motorman had to compel him to speed up or take some other course of not delaying the passing of the street car.

There cannot well be but one conclusion from the foregoing. There could hardly be a plainer case of contributory negligence.    It is a rather mild characterization of the chauffeur's conduct to say that he was guilty of ordinary negligence.    It has, at least, emphatically that cast.    The cause should have been taken from the jury in defendant's favor at the close of the evidence.

*By the Court.*—The judgment is reversed, and cause remanded with directions to render judgment of no cause of action.