MILLER, Respondent, v. THE SIOUX FALLS TRACTION SYSTEM, Appellant.

(184 N. W. 233.)

(File No. 4689.   Opinion filed August 31, 1921.   Rehearing denied October 19, 1921.)

**Negligence—Personal Injuries—Plaintiff's Auto Collision With Defendant's Street Car—"Last Clear Chance" Relied On, Non-evidence of Motorman's Discovery of Plaintiff's Peril—Rule Non-applicable—Erroneous Instruction.**

Where plaintiff in suit to recover for injury to himself and his auto ambulance through collision with defendant city's street car, plaintiff relying on doctrine of "last clear chance," held, trial court erroneously instructed on that theory; there being no evidence that defendant's motorman was in a position to have discovered plaintiff's peril in approaching the track in time to have exercised ordinary care in avoiding the accident; evidence showing he had no way of knowing plaintiff

intended to drive onto track, and plaintiff not being in peril until he did so; that (following Herbert v. S. P. Ry. Co., 121 Cal. 227) a fair statement of "last clear chance" theory is, that notwithstanding plaintiff's negligence put him in peril, yet if his danger is not perceived by defendant in time to exercise ordinary diligence such as will avoid injury, defendant is not liable; said theory being based on fact that defendant actually knew of the danger—not on proposition that he could have discovered plaintiff's peril but for remissness on his part; under which rule defendant is not liable because he ought to have known.

Whiting, J., concurring in the result.

Appeal from Circuit Court, Minnehaha County. Hon. Louis L. Fleeger, Judge.

Action by L. D. Miller, against the Sioux Falls Traction System, to recover damages for injury to plaintiff and his automobile resulting from collision with defendant's street car. From a judgment for plaintiff, and from an order denying a new trial, defendant appeals. Reversed.

*Boyce, Warren & Fairbank,* for Appellant.
*Parliman & Parliman,* for Respondent.

Appellant cited: Johnson v. Washington Water Power Co. (Wash.) 132 Pac. 392; Underwood v. Oskaloosa Traction Co. (Ia.) 137 N. W. 933; De Noma v. Sioux Falls Traction System (S. D.) 162 N. W. 746; Drown v. Northern Ohio Traction Co. (Ohio,) 81 N. E. 326, 10 L. R. A. (N. S.) 421; Ryder v. Syracuse Rapid Transit Ry. Co., 171 N. Y. 139, 58 L. R. A. 125.

Respondent cited: Allison v. Ry. Co. (S. D.) 158 N. W. 453; Welch v. Ry. Co. 126 N. W. 1118; Bruggeman v. Ry. Co., 123 N. W. 1008; Fullock v. Ry. Co. (Conn.) 107 Atl. 556.

POLLEY, P. J. Plaintiff brings this action to recover damages for injuries to his person and also injuries to an auto ambulance owned and driven by him, resulting from a collision with a street car owned and operated by the defendant in Sioux Falls. Plaintiff had judgment for substantial damages, and defendant appeals.

[1, 2] The plaintiff contends that he is entitled to recover under the doctrine of "the last clear chance," and the court instructed the jury upon this theory. This instruction was erroneous. There is no evidence to support this theory. The doctrine of "the last clear chance" implies negligence on the part of the

plaintiff, and that through such negligence he was in a place of peril. It also implies that the motorman discovered plaintiff's peril in time so that by the exercise of ordinary care he could have avoided the accident. There is no evidence in the record to support any such theory. The motorman, assuming that he saw plaintiff as he approached the crossing, had no way of knowing that plaintiff intended to drive onto the track in front of the car, and plaintiff was not in peril until he did drive upon the track. But then it was too late to stop the car in time to avoid the accident. In Herbert v. S. P. Ry. Co., 121 Cal. 227, 53 Pac. 651, the Supreme Court of California states the doctrine of "last clear chance" in the following language:

"Doubtless, notwithstanding the negligence of a plaintiff has put him in peril, yet if his danger is perceived by the defendant in time, so that by the exercise of ordinary diligence on his part injury can be avoided, the defendant will be held for the injury. But that is based upon the fact that a defendant did actually know of the danger—not upon the proposition that he could have discovered the peril of the plaintiff, but for the remissness on his part. Under this rule, a defendant is not liable because he ought to have known."

We believe this a correct statement of this doctrine. The facts shown by the record do not bring the case within this rule, and the instruction complained of is prejudicial to the appellant. Twitchell v. Thompson, 78 Or. 285, 153 Pac. 45; Berry, Automobiles, §§ 201, 202; Underwood v. Oskaloosa Traction Co., 157 Iowa, 352, 137 N. W. 933.

The judgment and order appealed from are reversed.

WHITING, J., concurs in result.