MILLER, Respondent, v. SIOUX FALLS TRACTION SYSTEM, Appellant.

(220 N. W. 451.)

(File No. 5476. Opinion filed July 7, 1928.)

*Boyce, Warren & Fairbank,* of Sioux Falls, for Appellant.
*Parliman & Parliman,* of Sioux Falls, for Respondent.

MORIARTY, C.  This action now comes before this court for the second time.  On the former appeal a judgment for the plaintiff was reversed on the ground that the trial court had erred in its instructions to the jury, and the case was remanded for a new trial.  The opinion of this court on the former appeal will be found in 44 S. D. at page 405, 184 N. W. 233.

The respondent, who was plaintiff in the trial court, brought the action to recover damages for injuries to his own person and to a motor ambulance owned by him.  On the second trial the jury found for the plaintiff, awarding him damages in the sum of $1,000.  At the close of the evidence the defendant moved for the direction of a verdict in its favor; after the return of the verdict, defendant moved for judgment notwithstanding the verdict, and thereafter moved for a new trial.  Each of these motions was denied by the trial court, and this appeal is from a judgment entered in accordance with the verdict and from the order denying a new trial.

The record shows the following facts:

At about 11:30 o'clock in the evening of December 21, 1918, the respondent was driving his ambulance southward on Minnesota avenue, one of the north and south streets of the city of Sioux Falls.  When about 60 to 75 feet north of the intersection of an east and west street with the street on which respondent was driving, respondent gained a clear view of the appellant's street car track on said east and west street, and he then saw one of appellant's street cars coming eastward on said track.  When respondent observed said street car, it was about 195 to 198 feet west of the point where the center lines of the two streets intersected.  Respondent was driving 10 or 15 miles per hour when he first saw the street car, but slowed down to about 8 miles per hour as he neared the street car track.  Respondent did not look toward the approaching street car at any time, after he first observed it about 198 feet away, until the front wheels of his ambulance were on the first rail of the street car track.  He then looked westward and saw the street car approaching rapidly and only about 30 feet away.  When he saw this, respondent veered to the eastward, speeded up his pace; and attempted to cross the track ahead of the street car.

The street car and the ambulance collided at a point about 8 feet east of the center line of the street on which respondent had been driving. The street car was derailed and both vehicles came to rest at the curb of the southeast corner of the street intersection. The ambulance was badly damaged and the respondent suffered some cuts and bruises. At the rate at which respondent was driving when he entered the street intersection, he could have stopped the ambulance within about 12 feet.

The evidence is sufficient to support a finding that, at the time of the accident, the street car was exceeding the speed limit fixed by the city ordinance, and that its gong was not sounded as required by the said ordinance. There is no contention that the trial court did not properly instruct the jury as to appellant's negligence, but it is strenuously contended that the trial court erred in denying appellant's motion for the direction of a verdict in its favor, and for judgment notwithstanding the verdict, on the ground that the record shows that respondent was guilty of contributory negligence, as a matter of law, sufficient to bar any recovery on his part. And appellant further contends that the trial court erred in refusing to give certain instructions proposed by the defendant.

One of these proposed instructions, being No. 3 of defendant's proposed instructions, reads as follows:

"The testimony of the plaintiff shows that he saw the street car approaching when he was about 60 feet from the street car track, and when the street car was about 195 to 198 feet west of the center of Minnesota avenue. It was the duty of the plaintiff, after he saw the street car approaching the crossing where he was about to cross, to pay reasonable attention to it, and not to try to cross the track in front of it unless he had plenty of time to do so. He had a right to assume that the street car was not running over 12 miles an hour, but as soon as he saw or should have seen by reasonable care and observation that the street car was running faster than 12 miles per hour, and that he did not have time to cross ahead of it, it was then his duty to stop his automobile if he could, and not take any chances in crossing ahead of it."

Defendant's proposed instruction No. 4 contains the following:

"The degree of care that the law imposes upon the motorman and the driver of the automobile is the same; that is, the care of a reasonably prudent man under the circumstances. Therefore, since

the street car had a right of way upon its rails by the law and by the necessities of the case, it was incumbent upon the driver of the automobile to look out when he came up to the crossing and to go slow and at a speed not greater than that allowed by the ordinances. It was his duty to look up and down the track to see if there was a street car coming and to exercise that degree of care that a reasonably prudent man would exercise under those conditions. He should look for a street car when he arrived at a point where he could see up the track. When he reached that point, if it was pretty close to the crossing it was incumbent upon him to go slow until he could look up and down the track, and then look and see if there was a car approaching."

■■ The question of contributory negligence was the vital question to be determined in this case. It was important that the jury be fully and fairly instructed on that question. The instructions given by the trial court are fully set out in the appellant's brief, and we do not find that they contain anything that definitely gave to the jury the substance of the proposed instructions above quoted. Said proposed instructions correctly state the law as applied to the facts involved in the instant case, and, in the absence of any instructions substantially covering this phase of the case, the trial court's refusal to give these proposed instructions was prejudicial error. Buboltz v. C. M. & St. P. R. Co., 47 S. D. 512, 199 N. W. 782; Manos v. Detroit United Ry., 168 Mich. 155, 130 N. W. 664, L. R. A. 1917C, 689; Hicks v. Transit Co., 53 Pa. Super. Ct. 174; Tyson v. Union Traction Co., 199 Pa. 264, 48 A. 1078; Westover v. Grand Rapids R. Co., 180 Mich. 373, 147 N. W. 630; Johnson v. Water Power Co., 73 Wash. 616, 132 P. 392; Ervay v. Waverly Traction Co., 240 Pa. 440, 87 A. 707; Davis v. Cœur D'Alene R. Co., 47 Wash. 301, 91 P. 839; Gordon v. Met. Street R. Co., 153 Mo. App. 555, 134 S. W. 26; Bertrand v. Milwaukee Elec. Ry. Co., 156 Wis. 639, 146 N. W. 915; Baltimore & Ohio R. Co. v. Goodman, 275 U. S. 66, 48 S. Ct. 24, 72 L. Ed. —.

It will be observed that proposed instruction No. 4, above quoted, contains the statement that it was the duty of the plaintiff "to go slow and at a speed not greater than that allowed by the ordinances. The ordinances were in evidence and were before the jury. These ordinances provide that on approaching a crossing the driver of a motor vehicle shall slow down to a speed not in excess

of 8 miles per hour. Yet at two different places in the instructions given to the jury, the trial court stated that—

"The city ordinances provide that an automobile shall not be run on the streets of the city of Sioux Falls between intersections at a greater speed than 15 miles per hour and at intersections not over 10 miles per hour."

While this incorrect statement as the provisions of the ordinance is not mentioned in the argument, the fact that the defendant's proposed instruction No. 4 refers the jury to the ordinance, while the instruction given by the trial court directly misstates the provision of the ordinance, accentuates the error in refusing the proposed instruction.

Because of these errors, the judgment and order appealed from are reversed, and the case remanded for a new trial.

BURCH, P. J., and POLLEY, SHERWOOD, and BROWN, JJ., concur.

CAMPBELL, J., concurs in the result.