MILLER, Respondent, v. SIOUX FALLS TRACTION SYSTEM, Appellant.

(222 N. W. 270.)

(File No. 5476. Opinion filed December 4, 1928.)

For former opinion, see 220 N. W. 451.

*Boyce, Warren & Fairbank,* of Sioux Falls, for Appellant.
*Parliman & Parliman,* of Sioux Falls, for Respondent.

MORIARTY, C. This matter is now before the court on rehearing, and has been orally reargued by counsel for both parties.

The case has been tried twice in circuit court and twice appealed to this court.

The opinion on the first appeal will be found in 44 S. D. 405, 184 N. W. 233. That on the second appeal has not been published in the South Dakota reports, but will be found in 220 N. W. 451. Each of these decisions reverses the judgment of the trial court because of errors in the giving or refusing of instructions. A statement of the material facts shown by the record is contained in the opinion in 220 N. W. 451.

Appellant's counsel in their petition for rehearing contend that this court should have gone further in its reversal of the judgment, and should have directed the entry of judgment notwithstanding the verdict and in favor of the defendant, appellant herein.

This contention is based upon the theory that the record shows that the plaintiff was guilty, as a matter of law, of contributory negligence sufficient to bar his right to recover for the damages caused by defendant's negligence. And, as supporting this contention, our attention is called to some recent decisions defining quite closely the limits of contributory negligence as a matter of law.

As stated in our previous opinion herein: "The question of contributory negligence is the vital question in this case." At the time that opinion was handed down, the members of the court were satisfied that, had the collision involved herein occurred at a country railroad crossing, or interurban car crossing, the facts shown by the record must have established contributory negligence as a matter of law. It was only to preserve what appeared to be a proper distinction between conditions at such crossings and those existing upon city streets that we preferred to avoid holding that the respondent herein was guilty of contributory negligence as a matter of law.

But we now feel that said distinction can be adequately preserved in this case by calling attention to the fact that the record shows that there was not sufficient traffic at the time and place of the collision to prevent the plaintiff from observing the approach of the street car, or to justify the application of a rule different from that applied by the courts to accidents occurring at rural crossings.

We are satisfied that the weight of modern authority holds that the rule to be applied under such circumstances is as follows:

■ When one who is about to cross a railroad track or a street car track, and while still quite distant therefrom, observes an approaching car or train, and he has a clear opportunity to further observe its approach, it is his duty to make further outlook immediately before leaving the zone of safety and entering the zone of danger. If he fails to do this, and a collision results, he is guilty of contributory negligence. Manos v. Detroit United Railway, 168 Mich. 155, 130 N. W. 664, L. R. A. 1917C, 689; Tyson v. Union Traction Co., 199 Pa. 264, 48 A. 1078; Westover v. Grand Rapids Ry. Co., 180 Mich. 373, 147 N. W. 630; Johnson v. Water Power Co., 73 Wash. 616, 132 P. 392; Ervay v. Traction Co., 240 Pa. 440, 87 A. 707; Davis v. Coeur d'Alene Ry. Co., 47 Wash. 301, 91 P. 839; Gordon v. Metropolitan St. R. Co., 153 Mo. App. 555, 134 S. W. 26; Bertrand v. Milwaukee Elec. Ry. Co., 156 Wis. 639, 146 N. W. 915; De Noma v. Sioux Falls Traction System, 39 S. D. 10, 162 N. W. 746; Gardner v. Topeka R. Co., 123 Kan. 262, 255 P. 83; Ross v. Wells (Mo. App.) 255 S. W. 952; Rose v. Wells (Mo. App.) 260 S. W. 1015; Kun v. Detroit R. Co., 240 Mich, 598, 216 N. W. 380; Baader v. Detroit R. Co., 228 Mich. 104, 199 N. W. 630; Coats v. Seattle Elec. Co., 39 Wash. 386, 81 P. 830; Baltimore & Ohio Railroad Co. v. Goodman, 275 U. S. 66, 48 S. Ct. 24, 72 L. Ed. 167; Plucker v. C., M. & St. P. R. Co., 52 S. D. 554, 219 N. W. 274.

■ In the instant case, Miller could have stopped his ambulance in a distance of 12 feet; therefore he passed out of the zone of safety and entered the zone of danger when he came nearer than 12 feet to the car track. Before doing this, he should have looked and found out where the street car then was.

We are aware that there is a line of decisions holding that, if one who approaches a crossing sees an approaching car or train, and, even while still quite distant from the track, correctly estimates that he has time to cross safely if the car or train is not exceeding the legal rate of speed, he has a right to rely on such estimate and is not negligent in so doing.

The question of contributory negligence on the part of a plaintiff never arises, except where the defendant has been negligent, and to say that the plaintiff had a right to rely on the theory

that the defendant would not be negligent is to dispense with the defense of contributory negligence entirely.

For the reasons stated, we are constrained to modify our former opinion on this appeal and to hold that the record shows the respondent to have been guilty of contributory negligence, as a matter of law.

The judgment appealed from is reversed, and the case is remanded, with direction that the circuit court, pursuant to defendant's motion duly made, enter judgment notwithstanding the verdict in favor of the defendant.

BURCH, P. J., and POLLEY, SHERWOOD, CAMPBELL, and BROWN; JJ., concur.