FORD, Appellant v. HOCHSTETTER, Respondent

(176 N.W.2d 501)

(File No. 10704. Opinion filed April 14, 1970)

**Orville W. Robbins,** Selby, for plaintiff and appellant.

**Douglas W. Bantz, Robert A. Michaels,** Aberdeen, for defendant and respondent.

BOGUE, Circuit Judge.

This is a wrongful death action arising out of a pedestrian-automobile accident, brought by Milton L. Ford, as Administrator of the Estate of Eugene Ford, also known as Eugene J. Ford, his deceased father, against Thomas L. Hochstetter. The issues were submitted to the trial court who returned a verdict in favor of defendant. The plaintiff appeals.

The accident occurred September 27, 1963 on State Highway 103 between Java and Selby in Walworth County, South Dakota. It appears that plaintiff's intestate was then 82 years of age and in generally good health. He was retired and living with one of his daughters. In the early evening at about seven o'clock p. m. on the day of the accident, plaintiff's intestate, Ford, was walking to Selby on Highway 103 from his son's farm, which said farm is located on said highway approximately three miles east of Selby. He was walking west on the east-west highway near the north edge of said highway, sometimes in the ditch and sometimes on the shoulder of the road itself. The traffic at that time was heavy because of a high school football game between Java and Selby. The asphalt road was dry and level. Decedent Ford was wearing dark clothing. It was dusk and defendant had turned on his headlights. There was no obstruction to the view of either Ford or the defendent in looking east or west. Immediately preceding the accident, Ford came out of the north ditch and headed in a southerly direction across the highway

at a point where there was no intersecting road. The defendant's car struck decedent Ford on the left side of his head and body. Ford's body went up onto the hood of the car, hit the windshield, and dropped off onto the road surface. The point of impact was approximately four feet from the north edge of the road.

The defendant, Thomas L. Hochstetter, at the time of the accident, was age 17, and was a resident of Java where he lived with his parents. He was the driver of a 1956 Chevrolet, four-door sedan, owned by his father, and was accompanied by one Morris Mueller, age 18. The defendant first observed the decedent Ford coming out of the ditch and walking in a southerly direction onto the road when he was about 50 or 60 feet from him. The defendant first applied his brakes at the approximate point of impact, which was 59 feet east of the end of the skid marks. The ditch out of which the decedent Ford stepped was about four feet lower than the top surface of the road, and was deep enough so that a person in the ditch at dusk would be difficult to see. The headlights at the hour of the accident would be only usable for somebody to see the car, and would not disclose objects on the road ahead or in the ditch. Defendant's auto was traveling at a speed of approximately 50 miles per hour prior to and at the point of impact. Coming out of the ditch, decedent Ford had a clear and unobstructed view of defendant's automobile. Defendant admitted he was unable to stop his car when he first observed decedent Ford crossing the highway ahead of him. Defendant states he "froze for about a second" before applying his brakes. The legal speed limit was 60 miles per hour.

If we are to assume the negligence of the defendant, the ultimate question is whether the Court might reasonably find the contributory negligence of the decedent Ford, if any, was slight and the negligence of the defendant was gross in comparison. Pleinis v. Wilson Storage & Transfer Company, 75 S.D. 397, 66 N.W.2d 68; Allen v. Martley, 77 S.D. 133, 87 N.W.2d 355.

The comparative negligence statute in existence at the time of the accident was contained in SDC 1960 Supp.

47.0304—1, and provides that a plaintiff's contributory negligence does not bar recovery "when the contributory negligence of the plaintiff was slight and the negligence of the defendant was gross in comparison." As to the then existing statute this Court has interpreted it as calling for two measurements, namely, the determination of the plaintiff's own negligence on an absolute basis and then the comparison of the plaintiff's negligence with that of the defendant's. Associated Engineers, Inc. v. Job, 8 Cir., 370 F.2d 633, 640; Nugent v. Quam, 82 S.D. 583, 152 N.W.2d 371.

The decedent, immediately preceding the accident, was walking in a southerly direction out of the north ditch and onto the highway in an apparent effort to cross the highway. Chapter 151, Laws of 1961, which provides that "where sidewalks are not provided any pedestrian walking along or upon a highway shall, when practicable, walk only on the left side of the roadway or its shoulder facing traffic which may approach from the opposite direction", shall have no application in this case. What is involved here is the law concerning the rights and duties of a pedestrian crossing a highway, and not the question of a pedestrian walking along the highway.

■ The decedent Ford had a legal right to cross the highway on foot, but in so doing he was required to exercise care for his own safety. Allen v. Martley, supra. It was his duty, while crossing a highway, to look both ways before he crossed and to keep a constant lookout for his own safety by looking in both directions for approaching traffic. If he did look, it is implied that he looked effectively, and in such a manner that he would see what was in plain sight, unless some reasonable excuse for not seeing is shown. Cowan v. Dean, 81 S.D. 486, 137 N.W.2d 337; Nugent v. Quam, supra. The trial court has determined in this case that the decedent Ford did not keep a constant lookout for traffic while crossing this busy highway at dusk outside a crosswalk and was, therefore, more than slightly negligent in comparison to the negligence of the defendant motorist with respect to lookout, speed and control prior to the time the automobile struck the pedestrian, precluding recovery by plaintiff for damages for wrongful death of decedent Ford.

■ The defendant was operating his automobile in his right lane on a highway where he had a right-of-way over a pedestrian. He was charged with the knowledge of the conditions increasing the hazards such as the relatively heavy traffic and the reduced capacity and efficiency of his headlights at dusk. His careful lookout and attention were required to insure the safety of other users of the highway. His slight inattention increases the risk of injury to others considerably. The evidence shows that the defendant did not maintain a proper lookout.

Using the norm of the reasonable man as a standard, as defined in Restatement of the Law, Torts, Section 283, Comment, reasonable minds must conclude that the accident was proximately caused by the conduct of both parties which fell below the standard of prudence and care.

■ The evidence in this case, with all reasonable inferences that can be drawn therefrom, viewed most favorable to the decedent Ford, shows beyond reasonable dispute that his contributory negligence was a substantial factor in causing his death and was more than slight in comparison with the negligence of the defendant.

■ The doctrine of last clear chance does not apply here. In Cowan v. Dean, supra, a pedestrian ran diagonally across an icy street without properly looking for traffic, and was struck by defendant's approaching automobile. This Court said in such case: "The negligence of the appellant more than slight was continuing and active to the very instant of the accident and a contributing factor to his injury. There was no time from the moment appellant started to recross the street until he was struck by respondent's car that he could not have avoided injury to himself by looking or looking effectively for approaching traffic. When the accident happened both were simultaneously and concurrently negligent. 'There was no "subsequent" negligence of defendant to sever the chain of causation which related plaintiff's injuries to (his) contributory negligence. Defendant had no "last clear chance" ' * * * Under such circumstances the doctrine of last clear chance has no application." Ford's negligence was more than slight and was continuing and active to

the very instant of the accident and a contributing factor to his injury. There was no time up to the point of impact that he couldn't have avoided injury or death to himself by looking for the traffic. There was no subsequent negligence of defendent-respondent to sever the chain of causation which related decedent's injuries and death to his contributory negligence. Defendant-respondent had no last clear chance.

■ Further, the last clear chance doctrine does not apply in a situation where the pedestrian was "oblivious to peril" and the driver of the automobile does not actually discover and see the pedestrian "in time" to do anything to avoid hitting pedestrian. Miller v. Sioux Falls Traction System, 1921, 44 S.D. 405, 184 N.W. 233; Haase v. Willers Truck Service, 1948, 72 S.D. 353, 34 N.W.2d 313.

The testimony on George Samis as to the so-called "critical speed and turn away test" is entitled to little consideration here in view of this Court's determination of negligence on the part of decedent Ford as more than slight.

Counsel for appellant urges that a great injustice flows from applying in pedestrian cases, where the pedestrian was "oblivious" to the peril, the rule that the driver must actually discover and see the pedestrian "in time" for the last clear chance doctrine to apply. Counsel further claims the rule to be inhumane in policy in that it "exchanges the driver's loss of a small body repair bill for the pedestrian's loss of life or serious injury, without requiring the motorist to respond in damages, contrary to the consensus of the public community that a motorist should be under legal duty to operate his motor vehicle in a manner so as not to injure persons on foot." In counsel's plea for a judicial overruling of this "unjust" precedent, insofar as the unaware pedestrian is concerned, the Court is asked to adopt as a rule in this State that in pedestrian cases where the pedestrian is "oblivious", if the motorist could have and should have seen the pedestrian "in time", he had a last clear chance, irrespective of the pedestrian's negligence in himself failing to discover the peril.

■ The urging of the appellant's counsel is not totally without merit, but since this accident has taken place our

comparative negligence law has been amended by Chapter 149, Laws of 1964, and is a step in the right direction to correct the last clear chance doctrine as it applies to pedestrians. But the matter is one for careful legislative consideration and not for virtual legislation by the judiciary, which is dangerous at best.

■ Insufficiency of the evidence to support many of the findings of fact, conclusions of law and, ultimately, the judgment, are contentions of the plaintiff. It is the obligation of this Court in its review to accept that version of the evidence, including the inferences that can be fairly drawn therefrom, which is favorable to the trial court's action. Consequently, an appellate court is not free to disturb findings unless they are contrary to the clear preponderance of the evidence. Hilde v. Flood, 81 S.D. 25, 130 N.W.2d 100. All of the foregoing facts were for the trial court to consider. He was the sole judge of all questions of fact and the credibility of the witnesses and weight to be given the testimony of each of them. We conclude the findings as not contrary to the clear preponderance of the evidence, and are sufficient to sustain the judgment.

Judgment affirmed.

ROBERTS, P. J., and RENTTO and HANSON, JJ, concur.

BIEGELMEIER J., concurs in result.

BOGUE, Circuit Judge, sitting for Homeyer, J., disqualified.