**Karla HANSON, Plaintiff and Appellant,**

v.

**Chad J. BEESLEY, Defendant and Appellee.**

**No. 12575.**

Supreme Court of South Dakota.

Considered on Briefs Feb. 22, 1980.
Decided June 4, 1980.

John E. Burke, Sioux Falls, for plaintiff and appellant; John N. Gridley, III of Gridley, Nasser & Arneson, Sioux Falls, on brief.

John Simko of Woods, Fuller, Shultz & Smith, Sioux Falls, for defendant and appellee.

PER CURIAM.

Plaintiff's request for a jury instruction on last clear chance was denied. This appeal questions the propriety of that ruling. We affirm.

In *Ford v. Hochstetter*, 85 S.D. 4, 176 N.W.2d 501 (1970), this court said:

> [T]he last clear chance doctrine does not apply in a situation where the pedestrian was "oblivious to peril" and the driver of the automobile does not actually discover and see the pedestrian "in time" to do anything to avoid hitting pedestrian.

85 S.D. at 10, 176 N.W.2d at 504.

The facts show that plaintiff attended a party on a farm outside of Sioux Falls. Late in the evening she fell asleep on the ground in a field where defendant and other party guests had parked their cars. Defendant left the party at midnight. He did not see plaintiff as he backed up and drove out of the field. After his departure other guests heard plaintiff's screams and discovered that she had been run over. There is no evidence in the record indicating that defendant was aware that plaintiff was in a perilous position. Consequently, the doctrine of last clear chance is inapplicable.

The judgment is affirmed.